Ogborn *et ux. v.* Hoffman.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.

---

## OGBORN ET UX. *v.* HOFFMAN.

BILL OF EXCEPTIONS.— *Time of Filing.*—A bill of exceptions, containing the evidence and the instructions to the jury, was filed in open court at the term at which the trial was had and within two judicial days after a motion for a new trial had been overruled and judgment had been rendered, the record not showing that time was given in which to file a bill of exceptions, except as stated in the bill itself.

*Held,* that the bill of exceptions was properly in the record.

INFANT.—*Ratification of Contract of Infant.*—*Presumption of Knowledge of the Law.*—An instruction to the jury that a person of mature age, in order to ratify a contract made by him during infancy, must know that he is not bound by such contract, is not inconsistent with another instruction that every person of sound mind and mature age is presumed to know the law.

PAYMENT.—*Satisfaction of Debt by Payment of Smaller Sum.*—A debtor cannot pay and satisfy his debt by the payment of a sum less than the debt; but if the creditor, in order to avoid a suit on an account, of the result of which he is doubtful, agrees to receive any sum in full satisfaction of the amount claimed to be due on the account, and upon such agreement the debtor pays the sum agreed upon, such agreement and payment will completely discharge the debtor from all liability.

From the Wayne Circuit Court.

*H. C. Fox, J. L. Rupe* and *S. C. Whitsell,* for appellants.
*L. Develin* and *H. C. Burchenal,* for appellee.

PETTIT, J.—This suit was brought by the appellee, Jacob V. Hoffman, against Sarah E. Ogborn and Samuel Ogborn, her husband, before a justice of the peace, to recover for goods sold, furnished and delivered to the wife before her marriage with her co-defendant. Judgment was asked against the wife only. There was no answer filed, nor was it necessary that there should be, under our statute, to allow all the defences attempted to be made and all the evidence given in the circuit court. The case was contested before the justice, who rendered judgment for the plaintiff. On appeal, the case was tried by a jury, and, after a thorough and earnest contest, the jury returned a verdict for the plaintiff for the same amount as the judgment of the justice.

A motion for a new trial was overruled, and this ruling is the only assignment of error. It is, however, necessary to dispose of a question raised and urged by the appellee, before considering the questions raised by the motion for a new trial. It is claimed that the bill of exceptions containing the evidence and instructions is not legally in, or a part of, the record. The motion for a new trial was overruled and judgment rendered on Friday, and the bill of exceptions was filed on the following Monday, in open court and during

the same term. The record does not show that time was given in which to file a bill of exceptions, otherwise than as stated in the bill itself; but as the bill was filed at the same term, and in two judicial days after the motion was overruled and the judgment rendered, we hold that it was done in time, and that the bill of exceptions is properly in the record. *Johnson* v. *Bell*, 10 Ind. 363; *Fletcher* v. *The State*, 49 Ind. 124.

The evidence is somewhat conflicting on these points or questions: first, as to the amount and value of the goods sold; second, as to the minority of the woman when she bought some of them; third, as to her ratification of the contract after she became of age; fourth, as to a settlement by her paying a less sum than the amount of the account; fifth, whether the articles were necessaries for the infant girl, and whether the plaintiff had a right to furnish them.

There is no objection made as to the sufficiency of the evidence. Instructions were given on all the questions raised by the evidence, and the only question urged here for a reversal is the alleged error in giving the 20th, 22d and 23d instructions, which are as follows:

" 20. If you believe from the evidence that Sarah E. Ogborn, after she became twenty-one years of age and before marriage, with knowledge that she, on account of infancy, was not liable to plaintiff for any purchases she may have made of him, expressly promised that she would pay for any portion of the articles mentioned in the bill of particulars, such a promise would be a ratification of the previous contract to the amount she promised to pay. If she promised to pay all, it would render her liable for all. If she promised to pay a part, or a certain sum, it would render her liable for such part, or for such certain sum; and if she, after such promise, paid any money to plaintiff, it would go as a credit on the amount for which she made herself liable on the new promise."

" 22. A person cannot pay and satisfy a debt by the payment of a sum less than the debt; but if you believe from

the evidence that the plaintiff, in order to avoid a suit, of the result of which he was doubtful, agreed to receive any sum in full satisfaction of the amount he claimed to be due on said account, and upon such agreement the defendant paid the sum agreed upon, then such agreement and payment would completely discharge the defendant from all liability."

" 23. Every person of sound mind and mature age is presumed to know the law."

The appellants' counsel admits that the 20th instruction is clearly right, and refers to *Fetrow* v. *Wiseman*, 40 Ind. 148, but claims that the 23d instruction contradicts and is inconsistent with it. We do not think so. The 20th says that an infant, to ratify his contract after he becomes of age, must know that he was not bound by his infantile contract. The 23d instruction says that when he arrives at mature age and is of sound mind, he is presumed to know the law. Both propositions are clearly right, and there is no contradiction in them. The 22d instruction is clearly and manifestly the law.

The judgment is affirmed, at the costs of appellant.

Petition for a rehearing overruled.