Longworth *et al.*, Executors, *v.* Higham *et al.*

No. 10,169.

LONGWORTH ET AL., EXECUTORS, *v.* HIGHAM ET AL.

SUPREME COURT.—*Transcript.*—Matter improperly embraced in a transcript will be disregarded by the Supreme Court, but will not be stricken out.

BILL OF EXCEPTIONS.—*Duty of Judge.*—The duty of the judge is to make a bill of exceptions speak the truth, and he may, therefore, amend it after it is signed but before it is filed.

SAME.—*Evidence.*—A bill of exceptions, setting out evidence and then declaring that "this was all the testimony and evidence in the case," shows that it contains all the evidence which was given.

SAME.—A bill of exceptions, which comes to the Supreme Court in proper form in a transcript properly certified, can not be attacked by affidavits.

SAME.—*Written Evidence.*—Written evidence need not, owing to statute, R. S. 1881, section 626, be copied in a bill of exceptions.

PAYMENT.—*Evidence.*—The defence of payment is not made out by evidence which shows that less than the whole debt was paid.

From the Switzerland Circuit Court.

*C. A. Korbly* and *C. E. Walker*, for appellants.

*S. Carter, C. S. Tandy, J. B. McCrellis, G. S. Pleasants, J. D. Works, J. A. Works, W. R. Johnston* and *F. M. Griffith*, for appellees.

HAMMOND, J.—The appellants brought this action against the appellees, alleging in their complaint that on March 1st, 1864, the appellees Wm. G. Krutz, John Higham and Nancy Higham, wife of John Higham, executed to the appellants a mortgage conveying certain described real estate, as security for the payment of $30,000, evidenced by six promissory notes of that date, each for the sum of $5,000, payable on or before March 1st, 1874, with interest payable annually. Three of the notes were paid in full, and payments were made on the others, leaving due and unpaid, as the complaint alleges, the sum of $7,800. The mortgage was duly recorded. The other appellees were made parties defendants on account of claims of interest in the land by conveyances subsequent to the execution of the mortgage. The appellees answered the complaint

by the general denial, and by pleas of payment. The appellants replied in denial of the pleas of payment. The case was tried by the court, and a finding made for the appellees. The appellants' motion for a new trial was overruled, an exception reserved, and judgment rendered on the finding for the appellees. The appellants filed a bill of exceptions, signed by the judge who presided at the trial, within the time allowed therefor. The appellants' assignment of errors in this court questions the correctness of the overruling by the trial court of their motion for a new trial. Before discussing this, however, it is proper to dispose of some questions pertaining to the record presented by the appellees' objections thereto. They have moved to strike from the record certain matters certified by the clerk and claimed to be unnecessary for the determination of the appeal. Section 650, R. S. 1881, indicates what are to be considered as parts of the record on appeal to this court, and provides that "If the clerk shall certify matter not material to the determination of the appeal, the Supreme Court may direct the person blamable therefor to pay the costs thereof." Superfluous matter certified by the clerk seems to be regarded as harmless except as to costs. It can do neither party any good or harm in deciding the merits of the controversy, for, not being regarded as part of the record, it receives no attention. We, therefore, do the appellees no injustice in overruling this motion. The appellees also move that the bill of exceptions purporting to contain the evidence be stricken out. While this motion may not be entertained, for the reasons above given, we may, however, determine whether the bill of exceptions is properly in the record, and, if so, whether from defects apparent in the record its consideration in deciding the case should be excluded.

The bill of exceptions as first signed by the judge, as to the evidence, concludes thus: "And this was all the testimony in the case." Afterwards, within the time allowed for, but before, filing the bill of exceptions, the judge amended the

above by writing the words "and evidence" after the word testimony, making it read: "And this was all the testimony and evidence in the case."

The appellees insist that this amendment was unauthorized, and that it makes the bill of exceptions invalid. We do not think so. It is the duty of the trial judge to see that a bill of exceptions speaks the exact truth; and to this end he may make proper amendments at any time before the bill is filed, within the time allowed for filing the same. The appellees further insist that the judge's certificate as amended does not, as to form and substance, comply with the rulings of this court. They urge that the certificate, "And this was all the testimony and evidence in the case," is not equivalent to "And this was all the evidence *given* in the case." This objection does not impress us favorably. The evidence could not be in the case unless it was *given* therein, and the omission of the word "given" does not weaken the effect of the certificate.

It is further objected to the bill of exceptions, and attempted to be shown by affidavits, that the clerk of the court below, in making the transcript for this court, copied at each "(here insert)" written evidence which was not in the bill when it was signed by the judge. The bill of exceptions comes to us properly certified, with copies of the writings which were introduced in evidence, and, if it were material, we would have to presume that these writings were copied in the bill when it was signed by the judge. This court can not correct errors in the record of the trial court. It is true that we can, as was done in the present case, by *certiorari*, have the clerk certify to us any part of a record which may have been omitted in his first transcript. The record, when thus certified to this court, imports absolute verity, and can not be impeached by extrinsic evidence.

But if the appellees' objection, now under consideration, could be urged in this court, we would be compelled to pronounce against it. It is provided in section 626, R. S. 1881, that "It shall not be necessary to copy a written instrument

or any documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert.'" We think the terms "written instrument" and "documentary evidence" are sufficiently comprehensive to include the written evidence appearing in the bill of exceptions in this case. We think that the bill of exceptions, containing all the evidence that was given in the case, is properly in the record.

We come now to consider the alleged error of the court below in overruling the appellants' motion for a new trial. It is claimed that the finding of the court was not sustained by the evidence. The appellants put in evidence the notes and mortgage sued upon. As already stated, the mortgage was given to secure the payment of six notes, dated March 1st, 1864, each for $5,000, making in all $30,000, payable on or before March 1st, 1874, with interest at six per cent., payable annually. Payments of interest were endorsed on the notes to March 1st, 1865.

The other payments proved by the evidence were as follows:

| | |
|---|---:|
| October 22d, 1866, by John Higham | $10,000.00 |
| June 22d, 1871, by John Higham | 2,706.07 |
| June 22d, 1871, by John Higham | 1,543.93 |
| June 22d, 1871, by Krutz, through Harris and Scranton | 3,625.47 |
| September 10th, 1872, by John Higham | 2,000.00 |
| February 17th, 1874, by John Higham | 4,026.45 |
| February 28th, 1874, by Krutz, through Harris and Scranton, paid by Jacob R. Harris | 14,294.42 |
| | $38,196.34 |

There was no evidence tending to prove any payments except the above.

The following statement will show that there was due the appellants on the day of the trial, Oct. 24th, 1881, a balance of $6,707:

Whole debt, March 1st, 1864 . . . . . $30,000
Interest paid to March 1st, 1865; whole debt
    March 1st, 1865 . . . . . . . . . . . . . $30,000.00
Interest from March 1st, 1865, to Oct. 22d, 1866 .   2,950.00

                          32,950.00
October 22d, 1866, paid by Higham . . . . . . 10,000.00

                          22,950.00
Interest from October 22d, 1866, to June 22d, 1871
    (4 years 8 months) . . . . . . . . . . . . 6,426.00

                          29,376.00
June 22d, 1871, paid by Higham  . $4,250.00 ⎱
June 22d, '71, paid by Harris (Krutz), 3,625.47 ⎰ . 7,875.47

                          21,500.53
Interest from June 22d, 1871, to Sept. 10th, 1872
    (1 year 2 months 20 days) . . . . . . . . . 1,576.69

                          23,077.22
September 10th, 1872, paid by Higham . . . . 2,000.00

                          21,077.22
Interest from Sept. 10th, 1872, to Feb. 17th, 1874
    (1 year 5 months 8 days) . . . . . . . . . . 1,819.82

                          22,897.04
February 17th, 1874, paid by Higham . . . . . 4,026.45

                          18,870.59
Interest from Feb. 17th, 1874, to Feb. 28th, 1874
    (10 days) . . . . . . . . . . . . . . . . . 31.45

                          18,902.04
February 28th, 1874, paid by Harris (Krutz) . . 14,294.42

                          4,606.62
Interest from Feb. 28th, 1874, to October 24th,
    1881 (7 years 7 months 22 days) . . . . . . 2,100.38

    Balance due at time of trial . . . . . . . · $ 6,707.00

The above payments, made by the appellee Harris, are noted as having been made for Krutz, because Harris and Scranton, in the purchase of a part of the mortgaged lands, had assumed the payment of that part of the debt which, as between Higham and Krutz, should have been paid by the latter. Harris testifies that when the last payment, February 28th, 1874, was made, he called on the appellant Anderson, one of the executors, to ascertain the amount then due from Krutz. After the calculation of interest, Anderson gave him what was supposed to be the amount due from Krutz, and this amount was paid. He says that Anderson refused to give him a release of the mortgage as to the lands he and Scranton had purchased. When he asked Anderson for such release, he says Anderson replied: "It" (the amount found due from Krutz) "is all our books show you have to pay; all that Higham says you have to pay, and all Krutz says you have to pay. I consider it a virtual release of your part of the land. The only objection I have to giving you a release is that if it should turn out that Higham's share of the land would not pay the debt, I would have to make it off you."

As the debt was not paid in full, and not considered as being paid in full, it is unnecessary to consider what the effect would have been had the parties intended that an amount less than was actually due should pay the whole debt; but it is well settled that even in that case the payment of a less amount than was due would not have discharged the debt or precluded the appellants from recovering the balance that was in fact due. *Markel's Adm'r* v. *Spitler's Adm'r*, 28 Ind. 488; *Smith* v. *Tyler*, 51 Ind. 512. We think the appellants were entitled to a new trial.

Judgment reversed, at the appellees' costs, and cause remanded, with instructions to the court below to grant the appellants a new trial.