### MEYER ET AL. *v.* GREEN, RECEIVER.

[No. 2,665.   Filed November 15, 1898.]

ACTION ON ACCOUNT.—*Part Payment by Check.—Accord and Satisfaction.*—Where a debtor sent to his creditor a check for a part of a liquidated sum due the creditor, reciting in the check that it was in full of all demands, the acceptance of the check by the creditor did not discharge the entire debt.   *p. 140.*

SALES.—*Breach of Contract.—Measure of Damages.—Special Verdict.* —The measure of damages for breach of warranty of a contract for the sale of goods is the difference between the value of the goods sold and those delivered at the time and place of delivery, which difference must be found by the jury, or a special verdict will be insufficient to support a judgment for damages.   *p. 141.*

VENIRE DE NOVO.—*Special Verdict.—Failure to Find Material Facts.* —The failure to find material facts will be construed as a finding against the party upon whom rested the burden of proving such facts, and is no cause for a *venire de novo.*   *p. 142.*

From the Allen Superior Court. *Affirmed.*

*Robert C. Bell* and *Newton D. Doughman*, for appellants.

*William B. Breen* and *John Morris, Jr.*, for appellee.

HENLEY, C. J.—This action was upon an account for goods sold by appellee to appellants. The goods so sold consisted of a certain number of hats. Appellants answered in five paragraphs, and also filed a cross-complaint of one paragraph. The first paragraph of answer was a general denial; the second, a plea of payment; the third, accord and satisfaction; the fourth and fifth, failure of consideration. The cross-complaint is founded upon an alleged breach of warranty. The lower court sustained a demurrer to the third and fourth paragraphs of answer, and overruled a demurrer to the fifth paragraph of answer and to the cross-complaint. The cause was tried by a jury. At the request of appellee, the court ordered the jury to return a special verdict. The special verdict is in the form required by the act of 1895. Both parties to the action moved for judgment upon the special verdict. Appellee's motion was sustained; that of appellants overruled. The action of the lower court in sustaining appellee's demurrer to the third paragraph of answer, and in overruling appellants' motion for judgment upon the special verdict, are the questions discussed by appellants' counsel. The third paragraph of answer, to which the lower court sustained a demurrer, was, omitting the formal parts, as follows: "Comes now the defendants, and for their amended third paragraph of answer allege and say, that on the 4th day of April, 1896, the defendants delivered to plaintiffs, and plaintiffs received in full satisfaction and discharge of their cause of action in their complaint alleged, the following check, which

is in words and figures as follows: 'Ft. Wayne, Ind., April 4, 1896. First National Bank of Fort Wayne: Pay to Robert S. Green, receiver Gove & Hooper Co., or order, Eighty-four 60-100 dollars, in full for invoice, Jany. 22, '96. Wm. Meyer & Bro.' Wherefore the defendants demand judgment."

The question arising upon this paragraph of answer is: Did the delivery to, and the acceptance by appellee, of this check, as set out in the answer, satisfy appellants' claim? In other words, does it amount to an accord and satisfaction? The amount due from appellants was an ascertained sum, a liquidated amount, and it was held, in a recent case decided by this court, that where a debtor sent to his creditor a check for a part of a liquidated sum due the creditor, reciting in the check that it was in full of all demands, that the acceptance of the check by the creditor did not discharge the entire debt. *Hodges* v. *Truax*, 19 Ind. App. 651.

The exact question is decided in the case of *Curran* v. *Rummell,* 118 Mass. 482. In that case the plaintiffs received from one Bond, acting for the defendant, the following letter: "Gentlemen: In the matter of the Rummell estate, we are getting it into such shape that we can see the end now. It will pay a dividend of nineteen cents on the dollar. As I suppose you would like to close it, I inclose my check for $11.89 in settlement of your account." Inclosed in the letter was a bank check for $11.89, dated July 3, 1873, payable to the plaintiff's order. The plaintiff used the check in the ordinary course of business. The question presented to the court for decision was expressed in the agreed statement of facts as follows: "If receiving and retaining this check, under the circumstances stated, is such a settlement of the right of action that they cannot recover the residue of

the debt, then judgment is to be entered for the defendant; otherwise for the plaintiffs, upon their declaration." The court in deciding the case, says: "The facts agreed do not bar the plaintiffs' right to recover on both counts in their declaration, because an agreement to accept, in satisfaction of an ascertained debt, a sum less than the full amount due, is not sufficient, unless it be founded on some additional consideration, such as the payment of money or transfer of property, or some new responsibility incurred by a third party, or where the agreement constitutes part of a composition deed among creditors, binding upon all. *Perkins* v. *Lockwood,* 100 Mass. 249. The case fails to show any such new consideration offered to the plaintiffs, and accepted by them as the consideration of an agreement to accept less than the amount of their debt. The letter enclosing the check 'in settlement' implies that the money was realized out of Rummell's estate only. * * * They [plaintiffs] were not bound to treat it [the check] other than as a part payment by the debtor, to be applied in reduction of the debt only." See, also, *Pottlitzer* v. *Wesson,* 8 Ind. App. 472. It is not necessary for us to discuss whether or not this rule is founded in good reason. It is the rule at common law, and has been followed, with one or two exceptions by all the courts of this country. We think the lower court properly sustained the demurrer to the third paragraph of answer.

The special verdict is insufficient to support a judgment in favor of appellants, because the court cannot determine from the special verdict that the appellants suffered any damage. If there was a warranty in the sale of the hats and a breach of it, the measure of damages would be the difference between the articles sold and those delivered at the time and place of delivery. This the special verdict fails to show. *Bushman* v. *Tay-*

*lor*, 2 Ind. App. 12; *Ridgley* v. *Mooney*, 16 Ind. App. 362. The motion for a *venire de novo* was properly overruled. The failure to find material facts will be construed as a finding against the party upon whom rested the burden of proving such facts and is no cause for a *venire de novo*. We find no error in the record. Judgment affirmed.