Jennings v. Durflinger.

---

### JENNINGS ET AL *v.* DURFLINGER.

[No. 2,931. Filed January 12, 1900.]

ACCORD AND SATISFACTION.—*Payment.—Acceptance of Check.*—Plaintiff sold defendant a certain number of hoops of a certain quality, at an agreed price per thousand, to be delivered at the expense of plaintiff. Defendant sent plaintiff a check by mail for a less sum than was due, containing the statement "to be accepted in full of account." Plaintiff indorsed the check as credited to the account of defendant, negotiated same, and immediately notified defendant that a certain balance was still due. *Held*, that the acceptance of the check did not amount to an accord and satisfaction.

From the Henry Circuit Court. *Affirmed.*

*Eugene H. Bundy* and *John M. Morris*, for appellants. *M. E. Forkner* and *W. E. Jeffreys*, for appellee.

HENLEY, J.—This action was commenced by appellee against appellants by a complaint in one paragraph, being

a common count for goods sold. Appellants answered in four paragraphs. The cause was submitted to the court for trial without the intervention of a jury, and the court, by request of plaintiff, made a special finding of facts, and stated its conclusions of law thereon. The only question in this case is whether or not the special finding of facts does or does not show an accord and satisfaction of the claim sued on.

The special finding of facts, which presents the whole question in this case, is as follows: "That, on the 19th day of February, 1897, the defendants were engaged as partners and dealers in and in the manufacture of coil hoops for the purpose of making coil hoops for barrels; that they conducted their business under the style and the name of the Newcastle Coil Hoop Company. That on said day the plaintiff, John W. Durflinger, was engaged in a like business in the town of Noblesville, Indiana, in the name and under the style of the Noblesville Coil Hoop Company. That on said date defendants purchased of the plaintiff, by written correspondence, one carload of 6-9 hoops, to be furnished and delivered to them on board the cars at the city of Chicago, Illinois, to be again sold by them to dealers in that city or elsewhere; that by the terms of said contract said hoops were to be of good quality number one 6-9 hoops, for which the defendants were to pay the plaintiff $5.70 per thousand, delivered free on board the cars at Chicago, Illinois. I further find that thereafter, under and pursuant to said contract of sale, the plaintiff placed in a car at said Noblesville, Indiana, 54,590 number one 6-9 hoops of good quality, and by direction of the defendants consigned said car to H. E. Jennings, one of the defendants, at Chicago, Illinois; that in due course of time said carload of hoops arrived at the said city of Chicago, and that the freight charges thereon were $32.65, which amount was paid by the defendants. I further find that, after said carload of hoops had arrived at Chicago, the said Harry E. Jennings made an examination of the same, and claimed to discover

that said hoops were not of good quality number one 6-9, but he claimed that the same were defective in workmanship and quality of material, that they were not of uniform size, either in thickness, width, or length, and that the same were not on that account merchantable; that, immediately after such examination, the said H. E. Jennings notified the plaintiff by telegram, which notice was received by plaintiff, of the alleged defective and inferior quality of said hoops, and that he could not receive and accept the same at a greater price than $4.35 per thousand; that to this notice plaintiff made no reply. That thereafter on the —— day of —— the said H. E. Jennings again notified the plaintiff of the alleged defective condition and quality of said hoops, and that he was not willing to accept them at the price; that this second notice was received by the plaintiff, and that he made no reply thereto. I further find that after the two notices were sent to plaintiff, as before stated in this finding, the defendant, H. E. Jennings, took and sold said hoops in said city of Chicago, Illinois, and that he received for the same the sum of $4.35 per thousand, and that he notified the plaintiff of such sale and the price received. I further find that on the 15th day of March, 1897, the said Harry E. Jennings, for and on behalf of the defendants, and in the firm name of the Newcastle Coil Hoop Company, sent to the plaintiff the following statement:

'Newcastle, Indiana, March 15, 1897.

The Noblesville Coil Hoop Company, Noblesville, Indiana. To the Newcastle Coil Hoop Co., Dr.

| | | |
|---|---:|---:|
| 54,420 Hoops, $4.35 | | $236.72 |
| Frt. & demurrage | $39.65 | |
| Commission on car | 10.00 | |
| Telegram | .65 | |
| Telegram | .50 | |
| One, per cent. cash | 2.36 | |
| March 15th, check bal. acct. | 183.56 | |
| | $236.72 | $236.72' |

And with said statement said defendant sent a check upon the Citizens State Bank of Newcastle, Indiana, in these words: 'No. 2,616. Newcastle, Indiana, March 15, 1897. Pay to the order of Noblesville Coil Hoop Company, $183.56 to be accepted in full of account. The Newcastle Coil Hoop Company, by H. E. Jennings.' That said statement and check were inclosed with a letter in these words, to wit: 'Newcastle, Indiana, March 15, 1897. The Noblesville Coil Hoop Company, Noblesville, Indiana. Gentlemen: We received check for the car hoops this a. m. The bill for demurrage we have not received,—or I suppose it is demurrage, as they deducted $39.65. Will write our party in regard to this and advise you later. We have charged you $10 commission, you see. This will not more than cover the writer's expense in selling the car. I spent about a day and a half trying to dispose of the car, so you see $10 will not cover the expense. We would advise you to put in your mill a man who is a practical hoop man, and thus do away with all your trouble and expense. Yours truly, The Newcastle Coil Hoop Company, by H. E. Jennings.' That, immediately upon the receipt of said letter with said statement and check, the plaintiff, to wit, on the 16th day of March, 1897, indorsed said check as follows: 'March 16, '97. Credited to the account of the Newcastle Coil Hoop Company, per John W. Durflinger, Prop.', and negotiated said check to the First National Bank of Noblesville, Indiana. That immediately on receiving said check, to wit, on the 16th day of March, 1897, the plaintiff wrote to the defendants the following letter: 'Noblesville, Indiana, March 16, 1897. Mr. H. E. Jennings, Newcastle, Indiana. , In reply to yours of March 15th, I have your letter containing check for $183.56, and freight bill for $32.65, which I have placed to your credit. Your balance is $95.69, for which I will make a draft on March 22nd, and, should you not pay, I will place same in hands of an attorney for collection. Respectfully, Noblesville Coil Hoop Company,

by John W. Durflinger.' That said plaintiff enclosed said letter in an envelope, and deposited the same in the United States mail, postage prepaid, directed to the defendants, and that in due course of mail, on the 17th day of March, 1897, the defendants received said letter. I further find that said check was indorsed by the First National Bank of Noblesville, Indiana, to Indiana National Bank of Indianapolis, and by it indorsed to the First National Bank of Newcastle, Indiana, and was paid by the Citizens State Bank of Newcastle, Indiana."

Upon the foregoing facts, the court found "that the law is with the plaintiff, and that there is a balance due him, after deducting the amount of said check and freight charges paid by the defendant, of $94.56. I therefore find for the plaintiff, and assess his damages at $94.56."

The question of whether or not the special finding shows an accord and satisfaction is wholly dependent upon whether or not the facts so found make the claim one for an ascertained sum, a liquidated amount.

Appellants purchased of appellee a certain number of hoops of a certain quality at an agreed price per thousand. The hoops were to be delivered on board cars at Chicago. This meant that freights were to be paid by the consignee, and deducted from the amount due upon the hoops. The facts found show that the number, kind, and quality of hoops ordered by appellants were delivered to appellants by appellee at Chicago. The deduction for freight charges, and computing the amount due for the hoops at the agreed price per thousand, was a mathematical calculation, from which the same result must invariably follow.

It is the settled rule of law in this State, deducible from the decisions in both courts of appeal, that a simple payment and acceptance of a less sum of money in satisfaction of a greater liquidated sum due, will not be sufficient to sustain a plea of accord and satisfaction. To make the receipt of a part of a debt a discharge of the whole, there must be a

new consideration, or a voluntary compromise of a disputed and disputable demand, or an accord and satisfaction by the substitution of a new contract, or a submission of the matters in dispute to arbitration. *Ogborn* v. *Hoffman,* 52 Ind. 439; *Longworth* v. *Higham,* 89 Ind. 352; *Stone* v. *Lewman,* 28 Ind. 97; *Hancock* v. *Yaden,* 121 Ind. 366; *Henes* v. *Henes,* 5 Ind. App. 100; *Meyer* v. *Green,* 21 Ind. App. 138; *Pottlitzer* v. *Wesson,* 8 Ind. App. 472; *Hodges* v. *Truax,* 19 Ind. App. 651. The case of *Meyer* v. *Green, supra,* is very much like the case at bar. This court in the last mentioned case held "that where a debtor sent to his creditor a check for a part of a liquidated sum due the creditor, reciting in the check that it was in full of all demands, that the acceptance of the check by the creditor did not discharge the entire debt."

Under the law, as established in this State, we are of the opinion that the conclusions of law upon the facts found are correct. Judgment affirmed.