## I. DUFFEY & SON COMPANY *v.* BUROKER.

[No. 15,440. Filed May 4, 1937.]

*D. F. Brooks,* for appellant.

*Eichhorn, Gordon & Edris* and *Plummer & Plummer,* for appellee.

DUDINE, J.—This action was instituted by appellee against appellant to recover a balance of $168.22 on the purchase price of two carloads of hogs sold by appellee to appellant. Appellee recovered a money judgment against appellant, hence this appeal.

The complaint was in one paragraph and alleged the sale of the hogs at an agreed rate of $4.60 per hundred pounds for one car load, and an agreed rate of $4.50 per hundred pounds for the other car load; that appellee executed a draft against appellant. for $2,446.00, the total amount of the purchase price of said hogs at said rates; that appellant refused to pay the draft unless it was reduced $168.22, and that thereafter appellant paid $2,277.78 upon said draft, but the balance of $168.22 is due and unpaid.

Appellant filed an answer in four paragraphs, the first being a general denial, the second alleging payment, and the third alleging that it purchased one of said car loads of hogs without seeing them, relying solely on appellee's representations as to their quality and type; that said hogs were not as represented, but were of inferior quality, and worth less on the market than hogs meeting the representations of appellee; that appellant notified appellee as to said misrepresentations and informed appellee that it would not pay the draft unless it was reduced $168.22; that plaintiff agreed to the reduction and accepted $2,277.78 from appellant in full settlement.

The fourth paragraph of answer also alleged an accord and satisfaction.

The cause was submitted to the court for trial without a jury, and the court, having been duly requested, made a special finding of facts and stated conclusions of law which were favorable to appellee.

Appellant filed a motion for a *venire de novo* based on the ground that the court had not found facts as to the issues of payment and accord and satisfaction presented

by its second, third, and fourth paragraphs of answer. The motion was overruled. Thereafter judgment was rendered in accordance with the conclusions of law.

Appellant filed a motion for new trial which was overruled, and thereafter this appeal was perfected, the errors assigned being claimed error in overruling said motion for a *venire de novo*, and claimed error in overruling said motion for new trial.

With reference to the claimed error in overruling the motion for a *venire de novo*, appellant complains only on the ground that the court did not find facts as to the issue of accord and satisfaction.

It is sufficient for us to say, with reference to such complaint, that the burden of proving accord and satisfaction was upon appellant, and the court having failed to find that there was an "accord and satisfaction" entered into by the parties it will be presumed by this court that appellant did not prove such fact, and the finding will be construed as a finding against appellant on that issue. Watson's Works Practice and Forms, Vol. 2, Sec. 1880; Elliott's Appellate Procedure, Sec. 759; *Ex parte Walls* (1880), 73 Ind. 95, 110.

The causes for new trial set forth in the motion therefor are that the decision of the court is not sustained by sufficient evidence, and that the decision is contrary to law.

No points are stated in support of the contention that the decision is not sustained by sufficient evidence.

Several points are stated in support of the alleged cause for new trial that the decision is contrary to law. Points "a," "c," "d" and "e," in support of said contention, are based on facts, claimed by appellant to be proven, but, concerning which, the evidence is conflicting. Since the evidence as to such facts is conflicting, such facts do not constitute a basis for a

holding by this court that the decision of the court is contrary to law.

No application is made of points "b" and "f," under said proposition, to the case at bar. It is not shown how said points, if tenable, would render the decision contrary to law. We therefore hold that no questions are presented by said points.

No reversible error having been shown, the judgment is affirmed.