SUNDERMAN *v.* SUNDERMAN ET AL.

[No. 17,378.   Filed October 22, 1945.]

*J. Edwin Smith* and *Sheehan & Lyddick,* all of Gary, for appellant.

*Jay E. Darlington,* of Hammond, for appellees.

ROYSE, C. J.—Prior to November 18, 1932, the appellant and appellee Katherine Sunderman were husband and wife. (Hereinafter when the term "appellee" is used it refers to Katherine Sunderman.) On said date they were divorced and appellee obtained a judgment for $10,000.00 alimony against appellant. Appellant paid nothing on this judgment until the 12th day of March, 1940. On said date appellant and appellee entered into a written agreement, which is as follows:

"THIS AGREEMENT made and entered into this 12th day of March, 1940, by and between John Sunderman and Katherine Sunderman, WITNESSETH:

"That, whereas, on the 18th day of November, 1932, Katherine Sunderman obtained a judgment for alimony against John Sunderman, in cause No. 40281, in the Lake Superior Court, Room One, for the sum of Ten Thousand and 00/100 Dollars ($10,000.00) ; and whereas, said judgment remains wholly unpaid, now in consideration of the agreements herein made, and subject to the prompt performance of same, it is agreed as follows:

"1. That upon the execution of this agreement John Sunderman does herewith pay to Katherine Sunderman the sum of Two Hundred and 00/100 Dollars ($200.00), the receipt of which she now acknowledges.

"2. Three Hundred and 00/100 Dollars ($300.00) to be paid by John Sunderman to Katherine Sunderman on or before April 12, 1940.

"3. John Sunderman to pay to Katherine Sunderman Seventy-five and 00/100 ($75.00) Dollars on the 12th day of each and every month thereafter, commencing with the 12th day of May, 1940, until a total sum of Three Thousand and No/100 ($3,000.00) Dollars is paid, including payments set forth in Section One and Two hereof.

"If all the payments are made on their due date as herein provided, then Katherine Sunderman agrees to satisfy said judgment in full.

"If any one payment remains due seven (7) days after its due date, then this agreement reducing the amount of said judgment shall be at an end, and monies paid on this contract shall be applied on the above Ten Thousand and No/100 ($10,-000.00) Dollars judgment, and the balance due on said Ten Thousand and No/100 ($10,000.00) Dollars judgment shall be due and payable at once, as provided for by law. Time is the essence of this contract. It is expressly agreed and covenanted that the above judgment is not considered as reduced until all the payments are made strictly in accordance with this agreement.

"WITNESS the hands and seals of the parties hereto this 12th day of March, 1940.

"(Signed) John C. Sunderman    (SEAL)
"(Signed) Katherine Sunderman (SEAL)"

Appellant made all of the payments specified in this agreement.

Thereafter, appellee brought this action in proceedings supplemental to execution on a judgment against appellant and the other appellees herein. The complaint was in six paragraphs which, in substance, alleged the rendition of the judgment and the payment of only $3,000.00 thereon and averred the other appellees were indebted to the appellant. To this complaint appellant filed an amended answer of accord and satisfaction and a cross-complaint of accord and satisfaction.

The answer alleged, in substance, that the written agreement hereinbefore set out constituted an accord

and satisfaction and that appellant had made all of the payments required by said agreement. It is then alleged, in part, as follows:

"That a part of the consideration for the said agreement was as follows:

" 'That the said defendant was and had been in failing circumstances and was insolvent, and had no property subject to execution, and had a large number of creditors, in addition to plaintiff; that plaintiff's judgment was rendered in 1932, and executions had been issued thereon and returned wholly unsatisfied, and plaintiff was unable to collect anything whatsoever on said judgment from defendant up to March 12, 1940, due to the insolvency of defendant and his lack of tangible property and earning ability; that this defendant and his wife, Ethel, began operating a milk business under the corporate name of Sunderman Farm and Dairy Products, incorporated about 1935, the capital stock being issued in the names of this defendant and his wife, Ethel, and Everett Isaacson, his brother-in-law, each having an interest in said corporation; that defendant and his said wife started and established said business by their joint efforts, and later incorporated same; and that the payments that were made and were to be made under said Exhibit 'A', were made wholly and solely from the entirety monies belonging to defendant and his said wife, Ethel, and obtained from said milk business, and was not monies of defendant's own, or liable to payment on said judgment, and which monies were not subject to attachment or levy by the plaintiff through her said judgment or execution thereon, but were wholly exempt therefrom, all of which was known to plaintiff and understood by her, and became a part of the consideration by her for the agreement to settle said judgment, the plaintiff realizing that she would be unable to collect her said judgment from defendant due to his insolvency and inability to earn money. That plaintiff, through her attorney, approached defendant for a settlement of her judgment, and upon agree-

ment had her attorney draw up the agreement attached hereto as Exhibit 'A', and defendant signed same without being represented by attorney at the office of the plaintiff's attorney.'

"That said settlement was made in good faith and without fraud."

The cross-complaint, in addition to the allegations in the amended answer, alleges, in part, as follows:

"That on or about August 8, 1941, there was a balance of Thirteen Hundred Seventy-five and no/00 ($1,375.00) Dollars unpaid on said agreement and thereupon, John Sunderman deposited with the Gary State Bank of Gary, Indiana, the sum of Thirteen Hundred Seventy-five and no/100 ($1,375.00) Dollars cash, being the monies belonging to himself and wife as entireties and not subject to the plaintiff's judgment or execution thereon, or to proceedings supplemental to execution on said judgment under an escrow agreement, with said bank to pay plaintiff the balance due her, and upon such payment she was to release said judgment sued upon. That said bank on said date executed its negotiable check for ($75.00) Seventy-five Dollars payable to her and mailed same to plaintiff with a letter, containing certain conditions, a copy of which is attached thereto and made a part hereof and marked Exhibit 'B'. That a few days thereafter the Plaintiff called at the bank and signed a copy of the letter acknowledging receipt thereof. That plaintiff thereupon informed the bank that she did not care for all the money at that time, but would take it in installments. That thereafter the said bank each and every month executed its negotiable checks to plaintiff on the dates and in the amounts set out in Exhibit 'C' attached hereto, and which checks the plaintiff accepted and cashed. That attached to the last check for ($25.00) Twenty-five Dollars dated February 9th, 1943, was attached a voucher, which check and voucher plaintiff signed and endorsed and the check was *cashed* on February 15, 1943, by plaintiff. That a copy of the voucher attached to the said check was in words and figures as set out in Exhibit 'D,' attached hereto and

made a part hereof. That the checks were issued and cashed on the basis that they were to be in final payment and settlement of the said judgment."

Exhibit "B" is as follows:

"August 8, 1941.

"Mrs. Katherine Sunderman,
"838 Elkhart Street,
"Gary, Indiana.

"Dear Mrs. Sunderman

*"In re:* John Sunderman

"John Sunderman has deposited with us, the total sum of $1,375.00 which we understand is the balance due on an obligation which he owes you. We enclose herewith our trust department check payable to you for $75.00, being the payment due on August 12th, next. We are directed to send you $75.00 each month on or before the 12th day of each month, until the total amount of $1,375.00 has been paid. We are also directed to give you the entire balance of funds in our hands at any time you care for them upon your executing a release of the judgment in the Hammond court.

"Will you please write us or come in and let us know how you care to receive this money. If you want us to mail you a check each month, we will be pleased to do so, or we will be glad to turn over the entire amount to you. If you desire a check each month, will you then please advise us whether you want us to mail the check to you or whether you would like us to credit it to your account in this bank.

"Will you also please acknowledge receipt of the enclosed check on the enclosed copy of this letter.

"Very truly yours,

"BBC/1r                           B. B. Clark,
"Encl.                            *Trust Officer.*
"Reg. R. R. R.

"Receipt of the above described documents and/or securities is hereby acknowledged.

Katherine Sunderman."

Exhibit "C" shows the itemized statement of payments by the Gary State Bank.

Exhibit "D" is as follows:

"No. 17275

"Date  February 8, 1943         "Trust No. 938
"Received ____ Twenty-five and no/100 ____ $25.00
"From the Gary State Bank, Gary, Indiana, in the
"Capacity of TRUSTEE for JOHN SUNDERMAN
"In Full Payment of balance of payments due from
John Sunderman per Trust Agreement.

"(Signed)  MRS. KATHERINE SUNDERMAN"

To this answer and cross-complaint the appellee demurred on the grounds the answer did not state facts sufficient to constitute a defense to the action, and that the cross-complaint did not state facts sufficient to constitute a cause of action. The trial court sustained both demurrers. Appellant refused to plead over, judgment was rendered against him, and he appeals to this court.

The assignment of errors here is as follows:

"1. The trial court erred in sustaining the demurrer of Katherine Sunderman to the amended answer of John Sunderman of accord and satisfaction.

"2. The trial court erred in sustaining the demurrer of Katherine Sunderman to the cross-complaint of John C. Sunderman.

"3. The court erred in rendering judgment against John C. Sunderman that he take nothing by his amended answer in accord and satisfaction, and by his cross-complaint in accord and satisfaction."

Appellant contends the judgment of the trial court should be reversed for the following reasons: (1) That the contract of accord and satisfaction is valid and based on a good and valuable consideration. (2) That

consideration is not part of the contract, but merely an inducement thereto and may be inquired into by parol evidence even though such evidence contradicts or varies that expressed in the contract. (3) That the final payments made by the check of the Gary State Bank brought this transaction within the exception to the general rule that when the smaller amount is paid by a negotiable instrument and accepted as full payment by the creditor, the larger amount is discharged.

". . . An accord and satisfaction is a method of discharging a contract, or settling a cause of action arising either from a contract or from tort, by substituting for such contract or such cause of action an agreement for the satisfaction thereof and executing such substituted agreement." 1 Am. Jur. p. 215, § 1; 1 C. J. S. p. 462, § 1.

"An accord and satisfaction being a contract, must be supported by a good or valuable consideration in order to be given effect." 1 Am. Jur. p. 235, § 37.

Where as in this case the debt is liquidated, the payment of part of one's liability is not sufficient consideration to cancel the whole liability. *Beaver* v. *Fulp* (1893), 136 Ind. 595, 36 N. E. 418; *Guardian Life Ins. Co. of America* v. *Barry* (1941), 109 Ind. App. 286, 300, 32 N. E. (2d) 599. There must be a new and sufficient valuable consideration. *Hodges* v. *Truax* (1898), 19 Ind. App. 651, 49 N. E. 1079; 1 Am. Jur. p. 237, § 39.

Applying the foregoing rules to the contract here in question, it is apparent there was no valid consideration for its execution. It did not require the appellant to do anything which he was not bound to do. Nor did it give the appellee any gain or advantage to which she was not entitled.

It is true that where the consideration expressed in the agreement is not contractual it may be varied or contradicted by parol evidence. But where the contract is complete on its face a stipulation as to the consideration becomes contractual, and where there is a direct and positive promise to pay the consideration named, then the ordinary rules with reference to contract cannot be varied. *Pickett* v. *Green* (1889), 120 Ind. 584, 588, 22 N. E. 737; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 60 N. E. 943; *Citizens National Bank* v. *Kerney* (1915), 59 Ind. App. 96, 109, 108 N. E. 139; *Olsen* v. *Aetna Trust and Savings Co.* (1921), 90 Ind. App. 249, 253, 152 N. E. 854.

The contract herein is complete on its face. The consideration is expressed and contains the direct and positive promise of the appellant to pay the consideration therein provided. Therefore, appellant could not vary its terms by parol evidence to show there was a different consideration than that referred to in the agreement.

Appellant finally contends the allegations in his cross-complaint bring this case within the exception to the general rule that when a smaller amount is paid by a negotiable instrument and accepted by the creditor as a full payment of the whole debt, there is a valid accord and satisfaction.

There is some confusion in the decisions of the Supreme Court and this court on this question. Some, but not all, of the confusion has been caused by a failure to distinguish between liquidated and unliquidated claims. We are concerned here with a liquidated claim and therefore will consider only past decisions touching on that subject.

Appellant relies on the case of *Fensler* v. *Prather*

(1873), 43 Ind. 119, and *Wells* v. *Morrison* (1883), 91 Ind. 51.

In *Fensler* v. *Prather, supra,* there is *dicta* to the effect that: "A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectually in discharge of it." However, that case did not involve the question of such a negotiable instrument and was decided on other grounds.

In *Wells* v. *Morrison, supra,* the trial court in one of its instructions told the jury: "A payment by a debtor of a less amount than is due the creditor cannot operate as a satisfaction of the debt, nor does it constitute a sufficient consideration to base a valid release upon, *except in cases I shall hereinafter enumerate.*" (Our italics.) The Supreme Court held that inasmuch as the payment involved was made by the check of a third party the trial court erred in failing to instruct the jury that the payment of a smaller amount by negotiable instrument is one of the exceptions to the general rule, citing as its only Indiana authority the case of *Fensler* v. *Prather, supra.*

In the case of *Hodges* v. *Truax, supra,* this court held that the acceptance, endorsement and deposit of a check for $150.00 on the body of which was written "in full of all notes and obligations to date," did not discharge a debt of $293.07 on a note due prior to the date the check was issued and sent to the creditor, where the debtor did not require the return of the check if not accepted in full of the account and where it is plain the check was not accepted as full payment.

In *Meyer* v. *Green, Rec.* (1898), 21 Ind. App. 138, 51 N. E. 942, 69 Am. St. 344, this court held that a check for a part of a liquidated debt, which check recited it was in full of all demands, would not discharge the entire debt. To the same effect is the case of *Jennings*

v. *Durflinger* (1900), 23 Ind. App. 673, 55 N. E. 979.

In *American Seeding Mach. Co.* v. *Baker* (1914), 55 Ind. App. 625, 104 N. E. 524, this court approved the reasoning in the case of *Hodges* v. *Truax, supra,* but held where the check was accepted in full payment of the whole debt it came within the exception to the general rule that a negotiable instrument for a smaller amount given and accepted in satisfaction of a larger debt will discharge the larger debt. The court did not refer to the cases of *Meyer* v. *Green, supra,* and *Jennings* v. *Durflinger, supra.*

The rule that the acceptance of a check for less than the amount of the debt will operate as a good accord and satisfaction has been severely criticized. *Frye* v. *Hubbell* (1908), 74 N. H. 358, 68 A. 325, 17 L. R. A. (N. S.) 1197.

In 1 C. J. S. 507, it is stated: "A partial payment is not, however, rendered sufficient to effect an accord and satisfaction by the mere fact that it is made by depositing the money in a bank and giving a check thereon, or made in the form of a cashier's check. . . . "

In the instant case it will be noted that the cross-complaint avers, in part: "That on or about August 8, 1941, there was a balance of Thirteen Hundred Seventy-five and no/100 ($1,375.00) Dollars unpaid on said agreement and thereupon, John Sunderman (appellant) deposited with The Gary State Bank of Gary, Indiana, the sum of Thirteen Hundred Seventy-five and no/100 ($1,375.00) Dollars *cash.*" (Our italics.) It is then averred said bank sent appellee the letter identified as Exhibit "B". The last sentence in the first paragraph of this exhibit appears to us to throw some light on the question here presented. This sentence is as follows: "We are also directed to give you the entire balance of funds in our hands at any time you care for them *upon*

*your executing a release of the judgment in the Hammond Court."* (Our italics.) It is then averred appellee informed the bank she did not care for all the money at that time and would take it in installments. The voucher attached to the last check and made a part of the cross-complaint as Exhibit "D", shows on its face that appellee accepted the last check for $25.00 as full payment of the trust agreement.

We do not believe these allegations bring this action within the "negotiable instrument rule" here involved, for the following reasons: (1) We are in accord with the statement hereinbefore quoted from 1 C. J. S. 507, to the effect that the mere depositing of money in the bank and the issuance by the bank of a cashier's check to pay the account does not render the partial payment sufficient as an accord and satisfaction. To us it seems absurd and illogical to say that there could be no accord and satisfaction if the appellant paid this money to appellee in cash but that there would be if he took the cash to his bank and caused such bank to give her its check for the cash he deposited.

(2) The cross-complaint shows appellee did not accept the offer to take the full sum of $1,300.00 on the condition that she release the judgment, nor did she at any time elect to take the full remaining sum on such condition. These allegations lead to the inference that appellee did not take and accept these payments as a full and complete satisfaction of her judgment.

(3) Exhibit "D" shows on its face the check was tendered and accepted as the final payment on the trust agreement and not as a payment on the judgment. In this connection it is to be remembered that the trust agreement with the bank was created by the appellant

long after the contract between the parties hereto was entered into. Furthermore, it is not alleged in the cross-complaint that when this check, Exhibit "D" (or for that matter any of the other checks issued by the bank), was sent to appellee she was directed to return said check if she was not willing to accept it in full and complete satisfaction of the judgment.

We are of the opinion the LaPorte Circuit Court did not err in sustaining appellee's demurrers.

Judgment affirmed.

DRAPER, J.—Not participating.

NOTE.—Reported in 63 N. E. (2d) 154.