**DAUBE AND CORD, an Indiana Partnership, Appellant (Defendant Below),**

v.

**LAPORTE COUNTY FARM BUREAU CO–OPERATIVE ASSOCIATION, an Indiana Corporation, Appellee (Plaintiff Below).**

No. 3–183A24.

Court of Appeals of Indiana, Third District.

Oct. 17, 1983.

greement, Daube brought suit against Co-op in the LaPorte Circuit Court during April of 1980. This action remained unresolved at the time this appeal was perfected.

Despite these complications, the parties continued to transact business. Nevertheless, Daube became delinquent on the open account, and Co-op brought suit for the outstanding balance in April of 1981. Daube moved to dismiss, claiming the action was barred as a compulsory counterclaim to the earlier suit. Daube also raised the affirmative defense of accord and satisfaction, alleging that payment for certain petroleum products discharged the debt accrued on the open account. The trial court granted partial summary judgment in favor of Co-op for $24,768.94 and struck Daube's affirmative defense of accord and satisfaction. The remaining issues were tried to a jury, which returned a verdict in favor of Co-op for $5,256.05, and judgment was entered. Daube then filed this timely appeal.

Daube first contends that the trial court erred in failing to dismiss the Co-op's suit, since it should have been brought as a compulsory counterclaim in the earlier suit under Ind.Rules of Procedure, Trial Rule 13(A). This rule provides:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

This rule requires that all compulsory counterclaims arise out of the same transaction or occurrence. This term was defined by the United States Supreme Court in *Moore v. N.Y. Cotton Exchange* (1926) 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 and adopted by this Court in *Middlekamp v. Hanewich,* (1977) 173 Ind.App. 571, 364 N.E.2d 1024:

" 'Transaction' is a word of flexible meaning. It may comprehend a series of many

Michael P. Burns, LaPorte, for appellant.

Edward L. Volk, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

HOFFMAN, Presiding Judge.

Appellant Daube and Cord (Daube) is an Indiana partnership engaged in the business of raising swine for sale to commercial packing plants. During 1979 and 1980, Daube maintained an open account for the purchase of feed and other goods with appellee LaPorte County Farm Bureau Co-operative Association (Co-op). During their course of business, a dispute arose over the quality of swine feed delivered during August of 1979. Unable to resolve this disa-

occurrences, depending not so much upon their connection as upon their logical relationship." 270 U.S. at 610, 46 S.Ct. at 371; 173 Ind.App. at 588, 364 N.E.2d at 1035.

The term "transaction or occurrence" should be given a broad interpretation by courts in order to avoid multiple litigation. *Middlekamp, supra;* 2 W. Harvey, Indiana Practice § 13.2, at 20 (1970); Wright & Miller, 6 Federal Practice and Procedure: Civil § 1410.

Daube now asserts that the Co-op's 1981 suit on the open account arose from the same transaction or occurrence which was the subject of Daube's 1980 suit for defective feed. Neither the record nor the rationale of T.R. 13(A) support this contention. The record discloses that the allegedly defective feed which was the subject of Daube's 1980 suit was delivered in August of 1979; that this feed was paid for on or before December 31, 1979; and that Daube brought suit in April of 1980. The record likewise indicates that Daube continued to charge feed on the open account through August 11, 1980, when another dispute arose between the parties. While both suits are based on the same open account, their logical relationship ends at that point. In fact, Co-op's cause of action on the open account is based substantially on transactions which transpired long after the initiation of Daube's suit. Trial Rule 13(A) specifically provides that "[a] pleading shall state as a counterclaim any claim *which at the time of serving the pleading* the pleader has against any opposing party[.] ..." (Emphasis added.) By its own language, this rule does not require parties to plead counterclaims which have not matured at the time they plead *even* if the claim arises from the same transaction or occurrence. *See* Wright & Miller, *supra,* at § 1411. It is clear that Co-op's suit against Daube was based on claims that arose after the filing of the first action, and Daube has failed to demonstrate that this cause existed prior to the filing of Co-op's answer. Therefore, Co-op's suit was not a compulsory counterclaim.

Assuming that Co-op's claim did exist at the time its answer was filed, Daube's allegation of error must nevertheless fail. While T.R. 13(A) does not specifically say so, Indiana courts have held that a party who fails to assert a compulsory counterclaim may not later assert that claim in a separate action *where the first suit has proceeded to judgment. Middlekamp, supra.* The federal courts have held that the first suit *must proceed to judgment* before compulsory counterclaims will be barred. *ACF Industries, Incorporated v. Hecht* (D.Kan.1967) 284 F.Supp. 572; *Local U. 499 of Int. Bro. of Elec. Wkrs. v. Iowa Power & Light Co.* (S.D.Iowa 1964) 224 F.Supp. 731; *Bellmore Sales Corp. v. Winfield Drug Stores, Inc.* (S.D.N.Y.1960) 187 F.Supp. 161. Thus, in *Bellmore Sales Corp., supra,* at 162, the court held:

"This is a motion ... to dismiss the complaint ... on the grounds that it recites a claim which should be properly raised as a compulsory counterclaim in a prior pending action under Rule 13(a) of the Federal Rules of Civil Procedure.

\* \* \* \* \* \*

"Note 7 of the Advisory Committee on the Rules states:

'If the action *proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred.' 28 U.S.C. following Rule 13.

The prior action is still pending. It is only after that action proceeds to judgment that any compulsory counterclaim, arising out of the transaction or occurrence that is the subject matter of the prior suit, will be barred." (Original emphasis.)

*See also Cheezem Dev. Corp. v. Maddox Roof Serv., Inc.* (1978) Fla.App., 362 So.2d 99; at 100.

Applying this principle to the case at bar, Co-op's suit against Daube was properly sustained, since Daube's earlier suit was still pending. Therefore, the trial court committed no error in this regard.

Daube's second allegation of error concerns the affirmative defense of accord and satisfaction. In addition to the feed purchased by Daube, petroleum products were also bought. On or before June 25, 1981, Co-op billed Daube for petroleum products in the amount of $1,136.05. Soon after, Daube mailed a check for $1,136.05 with the words "Acct. pd. in full June 25, 1981" written on its face. Daube now contends that by cashing this check, an accord and satisfaction resulted, discharging its debt on the open account of almost $30,000.

 Accord and satisfaction is a method of discharging a contract, or settling a cause of action by substituting for such contract or dispute an agreement for satisfaction. *Sunderman v. Sunderman*, (1945) 116 Ind.App. 157, 63 N.E.2d 154. It is an express contract in which the word "accord" denotes the element of offer, and the word "satisfaction" acceptance. *Shelby Federal Sav. and Loan Ass'n v. Doss*, (1982) Ind. App., 431 N.E.2d 493. Being a contract, an accord and satisfaction must be supported by consideration to be given effect. *Sunderman, supra*. Therefore, where a debt is liquidated, partial payment has been held insufficient to cancel the entire liability. *Beaver v. Fulp*, (1894) 136 Ind. 595, 36 N.E. 418; *Sunderman, supra*.

In cases where there exists more than one claim or account against a debtor, the creditor may reasonably assume that payment for the exact amount of one claim or billing was intended to settle that claim alone. 6 Corbin on Contracts, § 1277 (1962). Such payment will not satisfy all claims unless the debtor specifically expresses such intention. *Corbin, supra*. Therefore, where the debtor does not make this intention clear at the time partial payment is tendered, the creditor may still accept the payment as partial satisfaction, equal to the amount paid, leaving the outstanding balance subject to litigation. *Corbin, supra*.

It is true, as Daube contends, that the question of accord and satisfaction is normally a question of fact for the jury

to determine. *Nardine v. Kraft Cheese Company*, (1944) 114 Ind.App. 399, 52 N.E.2d 634; *Shelby, supra*. Likewise, the party pleading the defense of accord and satisfaction has the burden of proving that fact. *I. Duffy & Son Co. v. Buroker*, (1937) 103 Ind.App. 397, 8 N.E.2d 111. However, where the controlling facts concerning the defense of accord and satisfaction are undisputed, the question becomes one of law. *Nardine, supra*.

The facts in the case at bar unequivocally demonstrate that the Co-op did not accept the sum of $1,136.05 in full and complete satisfaction of the entire account balance. Instead, the only reasonable inference suggested is that this amount was paid to satisfy the bill for petroleum products only, as the check returned accompanied this specific billing. There being no material issue of fact in dispute in this regard, the trial court properly struck the defense of accord and satisfaction.

The judgment is in all respects affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.