## NEUBACHER *v.* PERRY ET AL.

[No. 8,101.   Filed January 9, 1914.   Rehearing denied June 24, 1914.
Transfer denied December 16, 1914.]

1. ACCORD AND SATISFACTION.—*Compromise and Settlement.—Part
   Payment Conditioned on Acceptance as Payment in Full.*—Where
   there was a balance of $27.50 due as rent from the lessee of an
   engine, and the lessor claimed an additional sum of $112.50 for
   repairs to the engine, and the lessee denying liability for such
   repairs, and in good faith asserting a set-off against the balance
   due for rent because of delays and loss occasioned by the defect-
   ive condition of the engine, wrote to the lessor, enclosing a check
   for $25 "to settle and compromise any and all differences", which
   he asked to be returned unless accepted in full settlement of
   lessor's claim, the retention of the check and collection of the
   proceeds constituted an accord and satisfaction.   pp. 363, 365, 366.

2. ACCORD AND SATISFACTION.—*Compromise and Settlement.—Part
   Payment.—Disputed or Unliquidated Claims.*—The fact that one
   claiming that a part payment constituted a full satisfaction of a
   disputed claim was in error in his construction of the contract out
   of which the dispute arose could have no bearing on the ques-
   tion of whether there was an accord and satisfaction, unless it
   appears that he was not acting in good faith.   pp. 365, 366.

3. ACCORD AND SATISFACTION. — *Part Payment. — Liquidated De-
   mands.*—Ordinarily a certain or liquidated demand can not be
   satisfied by the payment of a sum of money smaller than its
   amount.   p. 365.

4. ACCORD AND SATISFACTION.—*Compromise and Settlement.—Part
   Payment.—Disputed or Unliquidated Claims.*—Where one asserts
   an unliquidated claim, or claim which the other disputes, or
   where each asserts against the other unliquidated or disputed
   claims, the demand of the one may be satisfied by his acceptance,
   in full payment and compromise, of an amount smaller than that
   claimed by him to be due.   p. 365.

5. ACCORD AND SATISFACTION. — *Part Payment. — Liquidated De-
   mands.*—Where a check for a less amount than the claim is given
   and accepted as payment of a liquidated claim, there is an ac-
   cord and satisfaction of the whole claim.   p. 367.

From Marion Circuit Court (18,894) ; *Charles Remster,*
Judge.

Action by Ballard V. Perry and another against Gustave
A. Neubacher.   From a judgment for plaintiffs, the defend-
ant appeals.   *Reversed.*

*S. Mahlon Unger,* for appellant.

*Edgar A. Brown, James E. Kepperley* and *J. Olias Vanier,* for appellees.

IBACH, J.—But one question is presented in this appeal, that is, Were there such unliquidated demands or disputed claims existing between appellant and appellees at the time appellant tendered appellees a check in full satisfaction, that their retention of this check constituted an accord and satisfaction or compromise of the claim sued on in this action?

Neubacher leased an engine from Perry & Bock. The contract was prepared by the latter in the form of a proposition by letter, which Neubacher signed. By it the lessee was to pay the lessors $75 per month for the engine during the time he kept it. He was to clean out the boiler at least once in two weeks. There was also the following provision: ''It is understood that the engine is in first class condition, and it is to be in the same condition when returned to our yard. Natural wear and tear excepted. Any damage whatever to said engine while in possession and custody of the lessee shall be made good, and satisfactory to the lessor.'' Neubacher looked at the engine before he removed it to his place of business, but did not inspect the flues. He cleaned out the engine every week, but failed to prevent mud and scales accumulating around the flues, and the flues became leaky. He complained to plaintiffs, who sent an employe to repair it, but this man failed to accomplish anything. Afterwards Neubacher again requested the lessors to repair the engine, and one of them inspected it and told him that its condition was due to misuse by him. Neubacher replied that the engine was not in repair when he got it, though the lessors had represented it to be. He was told that he would be expected to put the engine in repair, but denies that such demand was made. Shortly afterward the engine was returned to the lessors and they had new flues put in and expended therefor

$112.50, which was the reasonable value thereof. This was necessary in order to put the engine in as good condition as when received by Neubacher. The lessors sent the bill for repairs to Neubacher, informing him that the repairs were made necessary by his failure to take proper care of the engine as he contracted to do, and asked him to mail his check for the amount of the repairs together with the balance of his account. At this time Neubacher by the terms of the contract owed $27.50 on the rent for the engine. The next day after receiving the lessors' letter Neubacher sent them his check for $25, accompanied by the following letter:

"Gentlemen: Yours of the 19th inst. received and in reply permit me to say that the boiler returned to you was in as good, if not even better condition than when I received it first from you. If you made any repairs on the same since its return to you, I had no notice of such necessity, for none really existed. The bad condition of boiler was a cause of serious delay to me in the operation of my gravel and sand plant. I lost quite a bit of money on account of such condition. But to compromise and settle any and all differences between us, I enclose my check for $25 in full. If you do not desire to accept same in full settlement of your claim kindly return check to me as it is offered on this condition."

Perry & Bock retained the check and collected the proceeds, and immediately brought this action against Neubacher to recover $2.50 as the balance of the rental, and $112.50 for repairs, due under the contract.

Upon trial by the court, the facts were found substantially as above, the conclusion of law made that defendant was indebted to plaintiffs in the sum of $115.05, and judgment rendered accordingly. Defendant appealing assigns error in the court's conclusion of law, and in the court's sustaining appellees' motion for judgment. He claims that the retention of the check by appellees constituted a full satisfaction of all claims between the parties relating to the engine.

It may be stated at the outset that, although the court found that appellant was in the wrong in the controversy between the parties, this fact has no bearing on the question raised by appellees' retention of the check, unless it appeared that he was not acting in good faith. Hunt, Accord and Satisfaction §86, and cases cited. The general rule is that one can not satisfy, with a sum of money smaller than its amount, a certain or liquidated demand. *Meyer* v. *Green* (1898), 21 Ind. App. 138, 51 N. E. 942, 69 Am. St. 344, and cases cited; *Hodges* v. *Truax* (1898), 19 Ind. App. 651, 653, 49 N. E. 1079; *Jennings* v. *Durflinger* (1900), 23 Ind. App. 673, 677, 55 N. E. 979; *Milroy* v. *Kemmerer* (1907), 218 Pa. St. 381, 120 Am. St. 888, 11 L. R. A. (N. S.) 1018, and cases cited.

But where one party is asserting an unliquidated claim, or a claim which the other party disputes, or where each party is asserting against the other, unliquidated or disputed claims, then the demand of one party may be satisfied by his acceptance in full payment and compromise, of an amount smaller than that claimed by him to be due. Hunt, Accord and Satisfaction §§54-56, 82-87; *Jennings* v. *Durflinger, supra,* and cases cited.

In the present case appellant's counsel concedes that the amount due for rent, $27.50, was certain by the terms of the contract. But he asserts that appellant was disputing liability for the repair bill, and also by his letter intended to assert a set-off to appellees' claim for rent, together with the repair bill, and that the facts found, thus show that in fact there was a difference between the parties. He found his reasoning on either of two hypotheses, (1) that the disputed repair bill added to the liquidated rent bill make one unliquidated or disputed claim; (2) that the rent bill and disputed repair bill on one side, considered with the claim on the other side for damages because of the nonfitness of the engine at the time it was obtained from the lessors, make all claims between the parties unliquidated

and disputed. He contends that the clause "it is understood that the engine was in good repair" which appellees insist is an agreement by appellant that the engine was in such condition, is rather to be construed as a warranty by appellees that it was in good repair, and that it was so understood by appellant, who did not inspect the flues of the engine when he got it.

We may say here that even though a court would probably construe the contract as did appellees (see *Mount* v. *Board, etc.* [1907], 168 Ind. 661, 80 N. E. 629, 14 L. R. A. [N. S.] 483), it does not matter whether appellant was right or wrong in his conception of the law, for if he was in good faith disputing appellees' claim and was insisting on a construction of the contract which might be reasonably contended for by one not versed in the law, his claim would constitute a sufficient consideration for an accord and satisfaction or compromise. *Pullman Coal Co.* v. *St. Louis* (1898), 145 Mo. 651, 657, 47 S. W. 563. A compromise need not be founded on a legal claim which would be allowed by a court of law. In the case of *Jackson* v. *Volkening* (1903), 81 App. Div. 36, 80 N. Y. Supp. 1102, the court said, "In the case at bar it is unnecessary to determine whether the defendant's claim for a rebate was valid and enforceable. The court will not inquire into the merits. It is sufficient if there was any plausible ground for a *bona fide* claim, and it was made in good faith, and it is immaterial whether the dispute arose over a question of fact or of law."

Appellees contend, however, that since appellant paid an amount smaller than the single liquidated claim, it must be regarded as a payment on such claim and the acceptance of the check can not constitute an accord and satisfaction or compromise of the other claim. The general rule that a payment of part of a liquidated claim or debt will form no consideration for the discharge of the whole, rests upon the doctrine that there is no con-

sideration for the agreement to discharge the entire debt when such entire debt is not in dispute. But the rule has no application to the honest settlement of claims which are unliquidated or disputed. In the case at bar it appears from the findings of the trial court, that appellant, in good faith, so far as shown, was denying any liability as to a part of appellee's claim, that for repairs, and was asserting a set-off against the remaining portion, that for rent, so that the amount due appellees may be said to be fairly in dispute and consequently unliquidated. Such being the case, the tender to appellees of appellant's check for $25, which he offered in compromise and satisfaction of the differences between them, upon the condition that appellees accept it in settlement of all claims, and their acceptance of the check under such conditions, will constitute an accord and satisfaction of all claims as a matter of law. Appellees can not retain the money offered and at the same time reject the terms upon which it was tendered. That is, the check must be returned if it was not accepted in full settlement of the claims. Appellant's letter was so specific that appellees must have understood that the check was offered upon the condition only that its acceptance must be in full settlement of all differences. It was their province then to accept it upon the terms offered, or to reject it and bring suit, and having so accepted the sum proffered such acceptance amounts in law to an accord and satisfaction of their demands.

We do not wish to be understood, however, as holding that if there was merely in question between the parties the liquidated sum due for rent, and the unliquidated repair bill, and appellant had not been asserting a set-off against the liquidated as well as the unliquidated portion of their demand, then appellant could have satisfied the entire demand by paying an amount in cash less than the amount of the liquidated sum due. Even if appellees were correct in their contention that the entire claim

was liquidated, and undisputed, there is another well-settled rule of law applicable to the facts found which would prevent their recovery. Where a check for a less amount than the claim is given and accepted as payment of a liquidated claim, there is an accord and satisfaction of the whole claim. *American Seeding Mach. Co.* v. *Baker* (1914), 55 Ind. App. 625, 104 N. E. 524, and cases cited.

The court erred in its conclusion of law upon the facts found, and the judgment is reversed, with directions to restate the conclusions of law to the effect that plaintiffs take nothing by their action, and render judgment accordingly.

NOTE.—Reported in 103 N. E. 805. As to the law of accord and satisfaction, see 100 Am. St. 390. As to when compromise and settlement are enforceable on payment of part of a demand, see 100 Am. St. 412, 429. For a discussion of part payment as satisfaction of a disputed claim, see 1 Ann. Cas. 801; 16 Ann. Cas. 194. On the question of acceptance of remittance of part of the amount of an unliquidated or disputed claim, accompanied with the statement that it is "in full," or words of similar import, as assent to its receipt in full payment, see 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.) 439. See, also, under (1) 1 Cyc. 331; Accord and Satisfaction 1 C. J. 85; (2, 4) 1 Cyc. 329; Accord and satisfaction §71; (3) 1 Cyc. 319; Accord and satisfaction 1 C. J. §40; (5) 1 Cyc. 329; Accord and satisfaction 1 C. J. §65.