O'BRIEN v. AMERICAN AGRICULTURAL CHEMICAL CO.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 73.

Accord and Satisfaction ⬳9—Compromise and Settlement ⬳6—Part Payment—Unliquidated Demands.

An employé, notified on February 13th that his discharge had been ordered, worked that day and the next day, and on February 15th, being ill, phoned to the employer to send him, as was customary, his salary for the first half of February. The employer sent him a receipt for $151.67 as salary and expenses from February 1st to 15th, and for $183.33 as "one month's additional salary," with a request that he sign it, and also sent him a check for the aggregate of those amounts, less an amount previously advanced for expenses. The employé had the check certified, understanding that the employer was offering to pay him one month's salary in settlement of all controversy over his discharge; but he claimed that the amount due was liquidated, and that the acceptance of a less sum was not an accord and satisfaction. Held that, while the salary from February 1st to 15th was liquidated, the sum which the employer should pay the employé as damages for the discharge was not liquidated, but consisted of the agreed salary and per diems for the term of the employment, less such sum as the employé would receive or might have received from other employment, and as the employé's act in having the check certified was equivalent to an acceptance, there was an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 88–91; Dec. Dig. ⬳9; Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. ⬳6.]

In Error to the District Court of the United States for the Southern District of New York.

Action by William H. O'Brien against the American Agricultural Chemical Company. Judgment for defendant, and plaintiff brings error. Affirmed.

———————

This cause comes here upon appeal from a judgment of the District Court, Southern District of New York, in favor of defendant in error, which was defendant below. The action was brought to recover upon a contract for services of plaintiff as a traveling auditor. The original contract was for a year begnining February 1, 1906, for a fixed salary payable semimonthly and an additional per diem for expenses. The contract was renewed, year by year, and on February 15, 1913, plaintiff was discharged. Plaintiff contended that his discharge was wrongful; defendant, that it was for cause. Defendant further contended that on plaintiff's discharge defendant delivered to him, and he accepted from it, $335 in full satisfaction and discharge of its liability to him. At the close of plaintiff's case the court dismissed the complaint.

Robert D. Ireland, of New York City (A. J. Ernest, of New York City, of counsel), for plaintiff in error.

Gifford, Hobbs & Beard, of New York City (J. D. Fearhake, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Judge Mack disposed of the cause by dismissal, because he was satisfied from the proof, as it stood when plaintiff rested, that an accord and satisfaction was established. That is the only question which need be considered. On February 13, 1913, plaintiff was notified that his discharge had been ordered. He continued his work the balance of that day and also the next day. On February 15th, being ill and confined to the house, he phoned to the defendant to send him, as was customary, his salary for the first half of February. In response there was sent to him a receipt, with the request that he sign it, which stated the amount due for his salary and expenses from February 1st to 15th at $151.67, and also as "one month's additional salary $183.33." Both these items were accurately stated. There was inclosed with the receipt an acquittance for $50, which allowed him to keep a sum of $50, which he had theretofore received as cash advanced on account of expenses. There was also inclosed a check for $285, being the balance of $335 remaining after crediting the $50. This check he had certified, which was equivalent to accepting it. Undoubtedly he understood that defendant was offering to pay him one month's full pay, in addition to what was then due him, in settlement of all controversy over his discharge. He testified that he understood that the defendant had in mind that this was to be a final payment, or as he elsewhere expressed it that they "were willing to give [him] one hundred and eighty odd dollars as a sop to be satisfied with and get out."

The contention here made is that the amount due him for an unwarranted discharge—and for the purposes of this appeal it may be assumed that the discharge was unwarranted—was a liquidated amount, to wit, a year's salary, with $4 per diem for expenses. It is argued that, in cases where there is no dispute as to the amount due, the acceptance of a less sum will not in itself establish an accord and satisfaction. The authorities cited are not applicable. The salary from

February 1st to 15th was, of course, a liquidated amount; but the sum which defendant should pay plaintiff as damages for an improper discharge was by no means liquidated. The damages would be one year's salary and per diems, less such sum as plaintiff might have received from other employment obtained during the year, or, assuming the cause came to trial promptly after dismissal, less such compensation as from the evidence, the jury might be satisfied that plaintiff would receive by proper effort in seeking other employment.

The judgment is affirmed.