MILLER BROS. & CO. v. H. LESINSKY CO. (No. 836.)*

(Court of Civil Appeals of Texas. El Paso. April 11, 1918. Rehearing Denied May 2, 1918.)

1. JUSTICES OF THE PEACE ☞92—PLEADING —ANSWER—SUFFICIENCY OF ALLEGATIONS— ACCORD AND SATISFACTION.

An answer alleging a bona fide controversy between the parties as to the amount due, that defendants had sent its draft with a letter saying it was in full payment, which draft plaintiff collected, under the rules applicable to justice and county courts, sufficiently pleads accord and satisfaction.

2. ACCORD AND SATISFACTION ☞27—TAKING CASE FROM JURY.

With conclusive evidence of a bona fide controversy between the parties over the amount due, and undisputed evidence that plaintiff cashed defendant's check sent with a letter stating it was in full payment, an instructed verdict

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Second petition for rehearing denied June 6, 1918.

for defendant upon the ground of accord and satisfaction was not error.

Appeal from El Paso County Court at Law; W. P. Brady, Judge.

Suit by Miller Bros. & Co. against the H. Lesinsky Company in the justice court, and upon appeal to the county court an instructed verdict was rendered for the defendant, from which the plaintiffs appeal. Affirmed.

McKenzie & Loomis and W. E. Loose, all of El Paso, for appellants. J. U. Sweeney and W. M. Coldwell, both of El Paso, for appellee.

HARPER, C. J. This suit was instituted by appellants in the justice court for the sum of $115.51, alleged to be due for goods, wares, and merchandise sold and delivered to appellee under written contract. Appealed to the county court, and from a judgment in the latter court based upon an instruction to the jury, it comes to this court upon appeal.

[1] Defendant denied the execution of the written contract sued on under oath; denied under oath that the sworn account sued on was just, and true, and unpaid, and further pleaded accord and satisfaction in that there was about January 4, 1913, a bona fide controversy and dispute between the parties as to the amount due for goods delivered, for the price of which this suit is brought; that defendant sent to plaintiff its check for the sum of $967.41, inclosed with a letter saying that it was in full payment of the amount by defendant to plaintiff; that plaintiff collected the amount of the draft and appropriated it to their own use; that by said acts they accepted the amount in full payment of the demand aforesaid; therefore there is an accord and satisfaction.

The appellants urge many assignments and propositions, but all seem to be addressed to: First, the sufficiency of the answer to be the basis of proof of accord and satisfaction; second, as to whether certain evidence was admissible in proof thereof; and, third, as to whether there is any evidence that there was not a bona fide controversy as to the justice of the appellant's claim at the time the check was sent for the smaller amount in settlement of the whole—which would require the court to submit the question to the jury, instead of instructing a verdict for defendant as it did. We think it conclusively appears from the above statement that the answer was sufficient, under the rules applicable to justice and county court, to admit the evidence.

[2] We are further of the opinion that the evidence conclusively shows that there was a bona fide dispute between the parties as to the amount due on the account prior to the time the check was sent to plaintiff, and that it is practically undisputed that the check sent was accompanied by a sufficient-

ly clear and definite statement that it was in full payment of the amount due, and that the creditor plaintiff cashed it and appropriated the money. Therefore the court did not err in instructing a verdict for defendant upon the ground of accord and satisfaction. Bergman Produce Co. v. Brown, 172 S. W. 554.

Affirmed.