NEHER *v.* KERR.

[No. 9,867. Filed June 4, 1919.]

1. ACCORD AND SATISFACTION.—*Compromise and Settlement.—Unliquidated Claims.—Tender of Check in Full Payment.—Acceptance.*—Where there is a *bona fide* dispute between two parties as to the amount due and owing from one to the other on an unliquidated claim and the debtor tenders a negotiable bank check in full payment and settlement of the amount which he claims is due, and the creditor accepts and cashes it without objection, there is payment and discharge of the account in full. p. 365.

2. ACCORD AND SATISFACTION.—*Compromise and Settlement.—Unliquidated Claims.—Tender of Check in Full Payment.—Acceptance.*—Where, on the arrival of a quantity of logs, the buyer called the seller on the telephone and informed him that he would not receive the logs because they were under size and defective, and the seller ordered the buyer to unload the logs, stating that he would make it all right with the buyer, there was an unliquidated claim, and, there being a good-faith dispute concerning the amount due thereon, the accepting and cashing by the seller of a check sent by the buyer in full payment of the claim operated as an accord and satisfaction. p. 366.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Wesley Wade Kerr against Daniel I. Neher. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Shirts & Fertig, James V. Kent* and *Thomas M. Ryan,* for appellant.

*Floyd G. Christian, Ralph H. Waltz* and *Ira W. Christian,* for appellee.

McMAHAN, J.—The appellee brought this action against the appellant on *quantum meruit* to recover a balance of $161.45 alleged to be due and owing for lumber sold to appellant. There was an answer of

general denial, payment, and accord and satisfaction, trial by court, special finding of facts, conclusions of law, and judgment for appellee in sum of $109.62.

With the exception of some technical objections which the appellee urges as to the sufficiency of appellant's brief, there is but one question in this appeal, that is, Was there such an unliquidated and disputed claim existing between appellee and appellant at the time appellant tendered appellee a check in full payment of the claim that appellee's retention of this check amounted to an accord and satisfaction of the claim sued on in this action?

Appellant's brief is in substantial compliance with the rules of this court.

The facts as found by the court are: That appellee offered to sell to appellant two carloads of sugar, walnut, poplar and cherry logs at a certain price per hundred feet. The walnut logs were to be of not less than twelve inches in diameter and to be free from defects. Appellant agreed to purchase the logs and to pay $4.50 per hundred feet for the walnut logs, and $3 for the cherry and poplar logs. Appellee loaded the logs on cars, and shipped them to appellant at Frankfort, Indiana. When the logs arrived at Frankfort, appellant discovered that twenty-five per cent. of the walnut logs were under twelve inches in diameter; that the largest one was cut half in two, and that twenty-five per cent. of them were what is known as culls. Appellant, on seeing the logs, called appellee by telephone and refused to receive them because they were under size and defective. Appellee at this time ordered appellant to unload the logs, and stated that he, appellee, would make it all right with appellant. In June, 1914, appellant paid appellee by check

$161.45. This check was mailed to appellee inclosed in a letter, in which appellant notified appellee that said check was made out for the full amount and value of the logs, and that said check was tendered in full payment for said logs, and that appellant would refuse to pay any more for them. Appellee, being so notified, accepted said check, cashed the same before the commencement of this action, and without any further communication passing between appellant and appellee with reference thereto. There was at the time appellee accepted said check a *bona fide* dispute between appellant and appellee as to the value of said logs and the amount which should be paid therefor. The cash value of the logs was $271.07, which includes 602 feet of sugar logs which the court found were worth $6.02. There is no finding as to what was to be paid for the sugar logs. Upon these facts the court concluded that the law was with the appellee, that appellee should recover $109.62, and judgment was rendered accordingly.

The errors assigned are that the court erred in its conclusions of law.

It is well settled that, where there is a *bona fide* dispute between two parties as to the amount due and owing from one to the other on *an unliquidated* 1. claim, and the debtor tenders a negotiable bank check for the amount which he claims is due, and tenders the same in full payment and settlement, and the creditor accepts and cashes the same without objection, it is a payment and a discharge of the account in full. *Wells* v. *Morrison* (1883), 91 Ind. 51; *Neubacher* v. *Perry* (1914), 57 Ind. App. 362, 103 N. E. 805; *American Seeding Mach. Co.* v. *Baker* (1914), 55 Ind. App. 625, 104 N. E. 524; *Miller Bros. & Co.* v.

*Lesinsky* (1918), (Tex. Civ. App.) 202 S. W. 992; 1 R. C. L. 194.

Appellee contends that the claim sued on was liquidated, and that the acceptance and cashing of the check for an amount less than the full amount does not amount to a satisfaction of the account, and cites *Jennings* v. *Durflinger* (1900), 23 Ind. App. 673, 55 N. E. 979, and *Meyer* v. *Green* (1898), 21 Ind. App. 138, 51 N. E. 942, 69 Am. St. 344, in support of this contention. The account sued on was not liquidated. An action on *quantum meruit* is always unliquidated. *Chicago, etc., R. Co.* v. *Clark* (1899), 92 Fed. 968, 35 C. C. A. 120; *Nassoiy* v. *Tomlinson* (1896), 148 N. Y. 326, 42 N. E. 715, 51 Am. St. 695.

Although the court found that the appellant was in the wrong as to the amount due the appellee, this fact has no bearing on the question raised by appellee's retention of the check. *Neubacher* v. *Perry, supra.* The claim between the parties being unliquidated, and there being a good-faith dispute concerning the amount due, the court erred in its conclusions of law.

The cause is reversed, with directions for the court to restate its conclusions of law in favor of appellant, and to render judgment in accordance therewith.