## NARDINE v. KRAFT CHEESE COMPANY

[No. 17,167. Filed January 27, 1944.]

*Emison & Emison* and *Lewis & Lewis*, all of Vincennes, for appellant.

*Floyd L. Young,* of Vincennes, for appellee.

FLANAGAN, J.—For several years prior to August 24, 1941, the appellant, Lattie Nardine, a resident of Vincennes, Indiana, had operated a grocery in Lexington, Kentucky, under the name of Standard Market. During that time she had been an open account customer of appellee. In July, 1941, she purchased from appellee 515-3/4 pounds of longhorn cheese. After a short time a dispute developed as to this cheese. Appellant said it was spoiled when received and that appellee should take it back. Appellee said that appellant spoiled it trying to force cure it and therefore it could

not be returned. This dispute continued until after appellant closed her business on August 24, 1941.

Thereafter letters were exchanged between the parties concerning settlement of appellant's account, whereby it developed that there were other differences as to items in the account. About October 1, 1941, appellee's Lexington manager went to Vincinnes to discuss the account with appellant but they were unable to agree as to the amount appellant owed. The dispute concerning the shipment of longhorn cheese above referred to was continued at that conference.

On October 30, 1941, appellant wrote appellee the following letter:

"Enclosed please find check in the amount of One Hundred Forty Six Dollars and one cent ($146.01) which according to our records pays my account in full.

"You will notice that I have a 10c per lb. deduction on the 515-3/4 # bad longhorn cheese, that I received from you. We are still at quite a loss on this cheese, as we really had to sacrifice it to get rid of it.

"In regard to the balance on your statement of overcharges and deductions, I wish to advise that I find it impossible to check up on this as they are so old. I feel that if the deductions were not in order, that I should have been notified at the time they were taken from the checks. As you told me, these were left over from before the time you took over this account.

"We are sorry to have had to make the above deductions, but I really feel that it is a just one. It has been a pleasure to do business with the Kraft Cheese Company at Lexington, and I want to thank you for all past favors.

"With best regards to you, I remain,"

Enclosed with the letter was a check for $146.01 marked, "This pays my account in full to date." After

receiving the letter and check appellee mailed the check to the Vincennes bank on which it was drawn for certification. The bank certified the check and returned it to appellee who still retains it.

Thereafter appellee brought this action against appellant seeking to recover on account for the balance it claimed due after deducting the sum of $146.01. Appellant answered among other thi that there had been an accord and satisfaction. Tsulted in judgment for appellee in the sum of $87.██ and this appeal followed. The sufficiency of the evidence is properly challenged.

When the holder of a check has it certified by the bank on which it is drawn the drawer is discharged and the debt becomes that of the bank. 7 Am. Jur., pages 411 and 412. See also discussion in *Born* v. *First National Bank of Indianapolis* (1890), 123 Ind. 78, 24 N. E. 173. By having the check certified appellee accepted it. *O'Brien* v. *American Agricultural Mechanical Company* (1916), (Circuit Court of Appeals, 2nd Circuit), 229 Fed. 387. If it was tendered in full payment of a claim which was unliquidated or concerning which a *bona fide* dispute existed, the acceptance of the check discharged the debt. *Neubacher* v. *Perry* (1914), 57 Ind. App. 362, 103 N. E. 805; *Scheffenacher* v. *Hoopes* (1910), 113 Md. 111, 77 A. 130, 29 L. R. A. (N. S.) 205; *St. Regis Paper Co.* v. *Tonawanda Board & Paper Co.* (1905), 107 App. Div. 90, 94 N. Y. S. 946; *O'Brien* v. *American Agricultural Mechanical Company, supra.*

Appellee says that there was no dispute because the trial court found that the longhorn cheese which appellant claims was spoiled when it arrived was in fact spoiled by appellant in trying to force cure it. The

trial court could, and undoubtedly did, find that appellant spoiled the cheese. But in determining whether there was an accord and satisfaction we are not concerned with the question as to who was right and who was wrong in an existing dispute. We are concerned only with the question as to whether a good-faith dispute existed at the time the check was tendered in full payment. *Neubacher* v. *Perry, supra.* The evidence on this question by both parties was all to the effect that such a dispute did exist.

It is true as appellee contends that the question of accord and satisfaction is ordinarily a question of fact, but where the controlling facts requisite to show accord and satisfaction are undisputed the question becomes one of law.

Appellee further says that the check tendered was that of the "Standard Market Co." and not that of "Standard Market" and therefore was not the check of appellant. We need not decide whether the acceptance of the check of a third party tendered under the circumstances in this case would amount to accord and satisfaction. The evidence here shows that the check tendered was the check of the debtor and that such fact was known by appellee. That appellee was doing business with appellant as Mary L. Nardine, Standard Market Company, is shown by letters so addressed to her by appellee. The letter to appellee with which the check was enclosed was on the letterhead of "Standard Market Company" and was signed "Standard Market Company, M. L. Nardine." The check itself was signed "Standard Market Co., M. L. Nardine."

Our conclusion is that the facts in this case show an accord and satisfaction of the claim sued upon. In-

404

asmuch as the controlling facts are undisputed no purpose can be accomplished by a new trial.

Judgment reversed with instructions to enter judgment for appellant.

NOTE—Reported in 52 N. E. (2d) 634.