Orville H. GEARHART and Grace A. Gearhart, d/b/a Orville H. Gearhart Insurance Agency, Appellants (Plaintiffs Below),

v.

Don D. BAKER, d/b/a Don D. Baker Agency, Appellees (Defendants Below).

No. 3-179A4.

Court of Appeals of Indiana, Third District.

Aug. 29, 1979.

cannot challenge the use of these exhibits as substantive evidence.

George F. Stevens, Kenneth H. Lukenbill, Jr., Roy D. Burbrink, Stevens, Wampler, Travis & Fortin, Plymouth, for appellants.

STATON, Judge.

Orville and Grace Gearhart, as sellers of an insurance business, filed suit against Don Baker, as buyer of the business, to recover money allegedly due on the sale contract. The trial court found against the Gearharts and entered judgment accordingly. The Gearharts appeal from that determination, and raise the following issue for our review:

> Whether the trial court erred when it concluded that the Gearharts' acceptance of a sum tendered by Baker, together with their signature on a receipt marked "Pd. to date & in full" constituted a "release in full satisfaction" of the Gearharts' claim?

We affirm.

Within the contract for the sale of the insurance business, the Gearharts (Sellers) and Baker (Buyer) had provided that the sale price would be 150% of "the annual net commissions." Payments were to be made on a monthly basis for twelve months, at which time the balance of the sale price was due. When the final payment became due, a dispute arose with regard to the meaning of the phrase "annual net commissions" and, in turn, as to the amount due as the final payment. The Gearharts interpreted the phrase to signify the net commissions which had been earned by them during the last twelve months that they had owned and operated the business. Baker, on the other hand, interpreted the phrase to denote the net commissions which he had earned during his first twelve months of ownership and management of the insur-

ance agency. Baker tendered a check for the amount which he considered to be the balance owed on the contract. While the Gearharts expressed their belief that more money was due, they nevertheless accepted the check and signed a receipt marked "Pd. to date & in full."

The Gearharts commenced this suit to recover the difference ($712.54) between the amount paid ($133.36) and the amount they believed was due ($845.90). The trial court concluded that the signed receipt constituted a "valid release in full satisfaction" of the Gearharts' "claim" against Baker. On appeal, the Gearharts argue that the receipt cannot be deemed a "release" or an "accord and satisfaction" because the transaction was not supported by consideration.

■ Initially, we note that technically speaking, the transaction-at-issue is more accurately characterized as a matter of accord and satisfaction than as a question of whether a valid release was executed.[2] A release is a surrender of a claimant's right to prosecute a cause of action. *Lazarrus v. Employers Mut. Cas. Co.* (1977), Ind.App., 364 N.E.2d 140, 141. An accord and satisfaction, by comparison, is an agreement between the parties that " 'performance of terms other than those originally agreed on' " will satisfy the obligations of the parties to the contract. *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N.E.2d 910, 917; *See, e. g., Talbott v. English* (1901), 156 Ind. 299, 59 N.E. 857 (acceptance of tendered payment operates to satisfy contractual obligation calling for a greater amount). The terms of the receipt-at-issue—"Pd. to date & in full"—clearly render the transaction before us a matter of accord and satisfaction; the words employed declared a satisfaction of a contractual term, not a surrender of a right to prosecute a claim.

The Gearharts' contention that consideration was necessary to effectuate the accord and satisfaction is based on the proposition that Baker's contractual obligation to them was liquidated. This underlying assertion is grounded on the fact that the trial court accepted their interpretation of the phrase "annual net commissions" and accordingly acknowledged both the existence and extent of Baker's financial obligation under the contract. That debt, as per their court-sanctioned interpretation of the sale price terms, was for the definite and fixed amount of $845.90. The court's recognition of that defined obligation, the Gearharts summarily conclude, establishes that Baker's debt to them was liquidated.

■ We do not dispute the Gearharts' contention that where a claim is liquidated, definite, and fixed, an accord and satisfaction cannot be accomplished without the support of consideration. *See Sunderman v. Sunderman* (1945), 116 Ind.App. 157, 63 N.E.2d 154. We disagree, however, with the Gearharts' supposition that Baker's obligation was liquidated.

■ An accord and satisfaction is a contract. *Homemakers Finance Service v. Ellsworth* (1978), Ind.App., 380 N.E.2d 1285, 1288. As is the case with a release, it should be construed from the standpoint of the parties at the moment when it is executed. *Rowe v. Rand* (1887), 111 Ind. 206, 12 N.E. 377. At the time the Gearharts signed the receipt, a good faith dispute existed between the parties regarding the amount owed on the balance of the contract. A financial obligation which is the subject of a good faith dispute is not a liquidated debt; it is uncertain in nature and accordingly unliquidated. *Neubacher v. Perry* (1914), 57 Ind.App. 362, 368, 103 N.E. 805, 806. Consequently, Baker's debt to the Gearharts was not liquidated at the

2. The Gearharts contend that the trial court's finding that the receipt constituted a "valid release in full satisfaction" of Baker's obligation was not necessarily "intended to trigger the legal concept of an 'accord and satisfaction' ". In other words, the Gearharts suggest that the question of whether an accord and satisfaction was executed is not before this

Court. We need not decide the precise basis for the trial court's decision. It is an elementary principle of appellate review that when the action of the trial court is justified on any theory of law, it must be sustained. *Indiana & Michigan Electric Company v. Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436, 439.

time the accord and satisfaction was formulated.

It is well settled that when a debt is the subject of a bona fide dispute and unliquidated, consideration is not necessary to effectuate its discharge. *Tabani v. Hester* (1977), Ind.App., 366 N.E.2d 193, 194; *Nardine v. Kraft Cheese Co.* (1944), 114 Ind. App. 399, 52 N.E.2d 634, 635. So long as the circumstances indicate to the creditor that the payment tendered is offered as full satisfaction for the disputed or unliquidated obligation, acceptance of the tendered amount will operate to discharge the debt in its entirety. *Tabani v. Hester, supra.*

Here, the evidence reveals that Orville Gearhart, albeit at Baker's urging, added the words "in full" after "Pd. to date" on the receipt just prior to the moment when he signed it. This evidence justifies the trial court's conclusion that the Gearharts understood that Baker's payment was offered in full satisfaction of the disputed obligation. Their acceptance of Baker's check acted to discharge the debt *in toto.* The trial court did not err.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs in result.