NIEBLER & MUREN, S.C., Plaintiff-Respondent,†

v.

BROCK-WHITE COMPANY OF WISCONSIN, INC., and Raymond R. Anderson, Defendants-Appellants.

Court of Appeals

No. 84–1382. Submitted on briefs November 14, 1984.—
Decided December 19, 1984.
(Also reported in 361 N.W.2d 732.)

For the defendants-appellants, the cause was submitted on the briefs of George W. Love of Love, Voss & Dreyfus, of Waukesha.

† Petition to review denied.

For the plaintiff-respondent, the cause was submitted on the brief of *Robert G. Pyzyk* of *Niebler & Niebler,* of Menomonee Falls.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Brock-White Company of Wisconsin, Inc. and Raymond R. Anderson (Anderson) appeal from a judgment confirming a jury verdict which held that Anderson and the law firm of Niebler & Muren, S.C. (Niebler) did not have an express agreement putting a $1,500 limit on charges for legal services. Anderson contends on appeal that Niebler's certification of a check from Anderson marked "Paid in full" constituted an accord and satisfaction. We agree and reverse the judgment of the trial court.

The pertinent facts are not in substantial dispute. The Niebler firm was retained by Anderson to draft a stock agreement. A member of the firm apparently estimated the project to cost between $1,000 and $1,500; Anderson apparently understood the $1,500 figure to be the uppermost limit. In any event, Niebler sent Anderson two partial bills for work done, each of which Anderson paid. When Anderson received a bill which would have put his liability over $1,500, he sent Niebler a check for $410, which put his payments at a total of $1,500. Typed on the check was the phrase "Paid in full." The check was accompanied by a letter stating that Anderson considered this "the balance of my account" and "payment in full" based on the conversation which Niebler evidently considered as evincing an estimate rather than a limit.

Niebler had the check certified and then wrote to Anderson explaining his position and suggesting arbitration. This lawsuit resulted. Niebler petitioned the trial court for permission to negotiate the check and received permission. After trial, the jury returned a verdict in favor of Niebler. Anderson appeals.

Anderson's central argument is that Niebler's certification of the check operated as an accord and satisfaction, precluding Niebler from pursuing recovery of any balance due. We agree and reverse.

An accord and satisfaction is an agreement to discharge an existing disputed claim. *Flambeau Products Corp. v. Honeywell Information Systems, Inc.,* 116 Wis. 2d 95, 112, 341 N.W.2d 655, 664 (1984). We are unpersuaded by Niebler's argument that the claim here was not disputed. When the refusal to pay is arbitrary and the debtor knows it has no just basis, the claim is not disputed. *See id.* at 113, 341 N.W.2d at 664. Nothing in the facts indicates that either of these standards is applicable here.

Under the common-law rule of accord and satisfaction, the creditor's cashing of a check offered as full payment constitutes a discharge of the entire debt. *Id.* at 101, 341 N.W.2d at 658. Here, we need not address the question of the cashing of the check with the trial court's approval because we are persuaded that the certification of the check constituted sufficient acceptance of Anderson's offer of accord and satisfaction.

The legal effect, for accord and satisfaction purposes, of certification of a check appears to be a question of first impression in Wisconsin. We are persuaded by the rule set forth by Professor Corbin: "The cashing, *or the certification,* of a check expressly sent in full settlement of a disputed claim, operates as an accord and satisfaction if, at the time, no word of dissent is sent to the party offering it in satisfaction." 6 A. Corbin, *Corbin on Contracts* § 1279 (1962) (emphasis added; footnote deleted). Here, Niebler did not send word of dissent until *after* the certification was accomplished.

The principle behind Corbin's rule has been followed in at least five other jurisdictions.[1] The act of certifying a check signifies acceptance on the part of the drawee bank. *See* sec. 403.411, Stats. While this acceptance is not the same as the contractual acceptance requisite for an accord and satisfaction, the drawee's certification is tantamount to the payee's

substituting the bank for the defendant as debtor of the fund represented by the check, discharging the defendant with respect to it, and leaving the defendant helpless to stop payment of the check, or otherwise to control the credit which had been placed in the hands of the plaintiff conditionally.

*C. & R. Construction Co. v. City of Manchester,* 1 A.2d 922, 923–24 (N.H. 1938).

It is further true that "[w]hen the payee obtains the certification of a check he accepts and is bound by the notations already on the check, such as that the payee releases claims against the drawer and another person." 2 R. Anderson, *Anderson on the Uniform Commercial Code* § 3–411:6 (2d ed. 1971) (footnote omitted).

In light of these reasons, we are persuaded that the act of certifying a check marked "Paid in full" is a sufficient act of dominion over the funds to constitute an acceptance of the offer of accord and satisfaction. The controlling facts here, *i.e.,* the certification of the check before notice of dissent, are undisputed, making this a question of law. *See Nardine v. Kraft Cheese Co.,* 52 N.E.2d 634, 635 (Ind. App. 1944). We therefore reverse the judgment of the circuit court.

*By the Court.*—Judgment reversed.

---

[1] *Kersh v. Manis Wholesale Co.,* 219 S.E.2d 604 (Ga. Ct. App. 1975); *Nardine v. Kraft Cheese Co.,* 52 N.E.2d 634 (Ind. App. 1944); *Henriques v. Vaccaro,* 56 So. 2d 236 (La. 1951); *Sherwin-Williams Co. v. Sarrett,* 419 So. 2d 1332 (Miss. 1982); *C. & R. Constr. Co. v. City of Manchester,* 1 A.2d 922 (N.H. 1938). *But see Post Road Realty, Inc. v. Zee-Bar, Inc.,* 370 A.2d 282 (N.H. 1977); *Kasco Mills, Inc. v. Ferebee,* 90 S.E.2d 866 (Va. 1956).