Duane C. BUTLER, d/b/a Duane C. Butler & Son
Construction, Plaintiff-Respondent,

v.

Nicholas KOCISKO, a/k/a Nick Kocisko, Defendant-
Appellant.

Court of Appeals

*No. 91–1864. Submitted on briefs November 11, 1991.—Decided
December 17, 1991.*

(Also reported in 479 N.W.2d 208.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael P. Weiler* of *Merriam, Weiler & Buslee* of Ladysmith.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lein Law Offices* of Hayward.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Nicholas Kocisko appeals a judgment awarding $4,000 to Duane Butler on the basis of quantum meruit for excavation and roadwork done on Kocisko's recreational property. The sole issue on appeal is whether the trial court erred by concluding that an

accord and satisfaction had not been reached between Butler and Kocisko. Because we conclude that there was an accord and satisfaction, the judgment is reversed.

The relevant facts are essentially undisputed. Kocisko met Butler, an excavating contractor, at Kocisko's recreational property where they discussed the excavation of dirt and the building of a private roadway on the property. After some extensive discussion about the construction project, they talked about its possible costs. Butler testified that he gave an estimate of $6,000. Kocisko testified that Butler estimated the total cost would be around $4,500, and, in the event the costs went as high as $5,000, he would stop the work and call Kocisko to see what they should do. Kocisko agreed to have Butler do the job. At no time did they ever discuss hourly rates, nor did they agree on a final contract price.

After some lengthy delays, Butler completed the excavation and roadwork without any further discussion of costs. Butler then sent a bill for $9,000 to Kocisko contending that Kocisko had requested more work than originally discussed. Kocisko denies that any additional work was required.

After receiving the $9,000 bill, Kocisko was upset and telephoned Butler on two occasions, complaining about the price because it had been his understanding that the project's costs would not exceed $5,000 unless Kocisko had agreed to an additional amount. When Kocisko said that he would send a $5,000 check because he felt that was the maximum amount he had agreed to pay for the work, Butler told him that he would not accept that sum as complete and full payment. He also told Kocisko that if he did send the check, he would accept it only as partial payment toward the $9,000.

Subsequent to these telephone conversations, Kocisko sent a check in the amount of $5,000 with the

condition written on the check stating, "Payment in Full, Excavating Work at Nice Lake." Butler crossed out the term payment in full and wrote "Partial Payment" and then cashed the check. After Kocisko refused to pay the additional $4,000, Butler sued.

The trial court received evidence on the matter surrounding the questions of whether there was an accord and satisfaction and also whether Butler should be entitled to the additional $4,000 on the theory of quantum meruit if it determined there was no accord and satisfaction. It determined that Kocisko's $5,000 payment was arbitrary and consequently no accord and satisfaction occurred. It also determined that Butler was entitled to receive the additional $4,000 under the quantum meruit theory. Kocisko appeals the trial court's holding that there was no accord and satisfaction.

An "accord and satisfaction" is an agreement to discharge an existing disputed claim and constitutes a defense to an action to enforce a claim. An accord and satisfaction requires a bona fide dispute as to the total amount owing, an offer, an acceptance and consideration. *Flambeau Products Corp. v. Honeywell Info. Systems,* 116 Wis. 2d 95, 112, 341 N.W.2d 655, 664 (1984). Here, it is agreed that Kocisko offered the check as full payment and that Butler retained the proceeds. However, Butler contends there was no dispute, acceptance or consideration.

In *Flambeau Products,* the court articulated some general rules relating to accord and satisfaction, some of which are relevant to this case. First, payment in full settlement of a claim that is disputed as to amount discharges the entire claim. Second, resolution of an actual controversy involving a subject of pecuniary value and interest to the parties is sufficient consideration of an

215

accord and satisfaction. Third, payment of part of a debt that is not disputed as to amount does not discharge the debt altogether, even when it is expressly agreed that partial payment is received in full satisfaction. The debtor's mere refusal to pay the full claim does not make it a disputed claim. *Id.* at 113, 341 N.W.2d at 664. Finally, the court stated that where the refusal to pay the full amount is arbitrary and the debtor knows he has no just basis to refuse, the payment of less than the full amount claimed does not operate as an accord and satisfaction even though it is tendered and received as such. *Id.*

Butler first argues that there was no dispute. He reasons that because he had sent Kocisko a bill for $9,000 and had discussed it over the telephone, there was no dispute as to the amount owed. We disagree. The undisputed evidence is that Kocisko felt very strongly that the maximum amount owing was $5,000 based on his discussions with Butler before the work began. Kocisko contends that Butler had told him the costs for this work would be around $4,500 and maybe as high as $5,000, but in the event the costs reached $5,000, he would discuss it with Kocisko before any further work was done.

Kocisko first learned that the project's costs exceeded the estimate when the work was completed and Butler sent the bill. Kocisko was upset and disputed the $9,000 bill with Butler twice over the telephone. Kocisko argued that not only had the bill exceeded the maximum $5,000 estimate, but also that there had been no discussion or hint about the project exceeding this estimate. Obviously, when Kocisko sent the $5,000 check, there was a bona fide dispute as to the amount owing. Under these circumstances, Kocisko's refusal to pay the $9,000

216

was not arbitrary. This conclusion is consistent with our decision in *Niebler & Muren v. Brock-White Co.*, 122 Wis. 2d 445, 446–47, 361 N.W.2d 732, 732–33 (Ct. App. 1984), where under similar facts we held the claim was disputed.

The next question we address is whether there was consideration. Butler contends that because the total amount owed was not in dispute ($9,000), Kocisko's $5,000 check was only a partial payment and Kocisko knew it would not fulfill his obligation. Butler argues that this falls under the rule set forth in *Flambeau* that "payment of part of a debt which is not disputed as to amount does not discharge the debt altogether . . .. The debtor's mere refusal to pay the full claim does not make it a disputed claim." *Id.* at 113, 341 N.W.2d at 664. Again, we disagree. We have previously rejected Butler's argument that there was no dispute as to the amount owed. Consequently, this more appropriately falls under the rule that payment in full settlement of a claim which is disputed is sufficient consideration. We also reject the argument that payment of the undisputed portion of a disputed claim by a check marked "paid in full" is not consideration for the disputed portion of the claim. A similar argument was made in *Flambeau* and rejected. *Id.* at 118, 341 N.W.2d at 666.

The final question we address is whether there was an acceptance. Butler contends that because he had dissented to accepting the $5,000 as full payment during both telephone conversations, had specifically told Kocisko that if he sent the check he would accept it only as partial payment and had crossed out "payment in full" and inserted "partial payment" on the check, there was not an acceptance and therefore no accord and satisfaction. He cites *Niebler* for the proposition that where

217

there is a dissent prior to cashing the offered check, there should be no accord and satisfaction. *See Niebler,* 122 Wis. 2d at 447, 361 N.W.2d at 733. In *Niebler,* we held that the total amount owing was in dispute and the creditor's certifying the check offered as payment in full constituted an accord and satisfaction. We never addressed the issue of what the effect would have been had there been a dissent because there was none.

In *Thomas v. Columbia Phonograph Co.,* 144 Wis. 470, 475–76, 129 N.W. 522, 524 (1911), there was a dispute about the total amount owing and the debtor sent to the creditor a check for a lesser amount offered as full settlement of the claim. The creditor cashed the check but continued to dispute that this was in full settlement. The court held that the creditor could not avail himself of the funds without assenting to the condition upon which the offer was made. This is consistent with the general rule in the majority of the jurisdictions as stated in 6 A. Corbin, Corbin on Contracts § 1279 at 127–29 (1962):

> Where the amount due is in dispute, and the debtor sends cash or check for less than the amount claimed, clearly expressing his intention that it is sent as a settlement in full, and not on account or in part payment, the retention and use of the money or the cashing of the check is almost always held to be an acceptance of the offer operating as full satisfaction, even though the creditor may assert or send word to the debtor that the sum is received only in part payment. The fact that the creditor scratches out the words "in full payment," or other similar words indicating that the payment is tendered in full satisfaction, does not prevent his retention of the money from operating as an assent to the discharge.

218

Here, Butler received the check knowing that the total amount owing was disputed. He cashed the check and retained the proceeds knowing it was offered on the condition that it was payment in full. He should not be permitted to change the conditions of the offer and retain the proceeds under terms different from the offer. If he did not want to accept the check with its conditions, then he should have returned the check. However, he should not be allowed to retain the money and continue to pursue a lawsuit for his claimed amount owing. His actions in retaining the money while still contending that he was not accepting the payment as satisfaction for the claim are inconsistent. Consequently, we view his actions as speaking louder than his words and his actions, therefore, become operative as an acceptance of the offer as made. To hold otherwise would mean that the debtor's protest and tender of money to settle the claim becomes unavailable. Because no circumstances justify Butler's retention of the money, we conclude that he was bound by the terms of the offer as made when he cashed the check and retained the proceeds. Under these facts, an accord and satisfaction occurred and we therefore reverse the judgment.

*By the Court.*—Judgment reversed.