COURT OF APPEALS
DECISION
DATED AND FILED

August 20, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP753**

Cir. Ct. No. **2016CV9173**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

DAVID J. MCCORMICK AND PEARSE A. MCCORMICK,

PLAINTIFFS-APPELLANTS,

V.

AUTO CLUB INSURANCE ASSOCIATION,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed.*

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. David J. McCormick and Pearse A. McCormick (collectively, "Plaintiffs") appeal the dismissal of their claims against the Auto Club Insurance Association ("AAA"). The Plaintiffs argue that the trial court erred when it granted summary judgment in favor of AAA after concluding that the Plaintiffs' claims were barred under the doctrine of accord and satisfaction, and when it denied the Plaintiffs' motion for reconsideration. We affirm.

## BACKGROUND

¶2 David McCormick ("McCormick") and his minor son, Pearse McCormick ("Pearse"), were involved in an automobile accident with an uninsured driver in 2012. In December 2016, the Plaintiffs filed suit against AAA, which provided auto insurance for McCormick, including uninsured motorist coverage. The suit alleged that McCormick suffered a back injury that required medical treatment and that as a result of McCormick's injury, Pearse had suffered the loss of McCormick's services, society, and companionship.

¶3 In its answer, AAA pled several affirmative defenses, including that there had been an accord and satisfaction. AAA subsequently moved for summary judgment on that basis, arguing that the Plaintiffs' claims were barred. AAA asserted that it was undisputed that it sent McCormick a $20,000 check on July 13, 2016, which McCormick cashed. AAA claimed that the $20,000 check was offered in full satisfaction of the Plaintiffs' claims. Accordingly, AAA argued, the Plaintiffs were barred from seeking additional damages from AAA.

¶4 Based on documents discussed more fully below, the trial court granted AAA's motion for summary judgment, and it also denied the Plaintiffs' motion for reconsideration. This appeal follows.

## STANDARD OF REVIEW

¶5  We review a grant of summary judgment *de novo*, applying the well-established summary judgment methodology. *See* ***Tews v. NHI, LLC***, 2010 WI 137, ¶¶40-41, 330 Wis. 2d 389, 793 N.W.2d 860. "Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Id.*, ¶42; *see also* WIS. STAT. § 802.08(2) (2017-18).[1]

## DISCUSSION

¶6  At issue is whether the undisputed facts demonstrate that the Plaintiffs' claims are barred by the doctrine of accord and satisfaction. "An 'accord and satisfaction' is an agreement to discharge an existing disputed claim and constitutes a defense to an action to enforce a claim."[2] ***Butler v. Kocisko***, 166 Wis. 2d 212, 215, 479 N.W.2d 208 (Ct. App. 1991). Our supreme court has explained how this doctrine applies when a debtor gives a settlement check to a creditor:

> Under the common law rule of accord and satisfaction, if a check offered by the debtor as full payment for a disputed claim is cashed by the creditor, the creditor is deemed to have accepted the debtor's

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] On appeal, the Plaintiffs note that in their motion for reconsideration, they argued that because McCormick was its insured, "AAA owed McCormick a heighten[ed] duty of good faith." It is not clear if the Plaintiffs are continuing to assert on appeal that this court should analyze the law of accord and satisfaction differently because the settlement offer was made by an insurance company to its insured. To the extent that is their intent, we decline to address the issue because it is not adequately developed. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

> conditional offer of full payment notwithstanding any reservations by the creditor. In other words, the creditor's cashing the full payment check constitutes an accord and satisfaction which discharges the entire debt.

*See* **Flambeau Prods. Corp. v. Honeywell Info. Sys., Inc.**, 116 Wis. 2d 95, 101, 341 N.W.2d 655 (1984).

¶7 "An accord and satisfaction requires a bona fide dispute as to the total amount owing, an offer, an acceptance and consideration." **Butler**, 166 Wis. 2d at 215. In this case, it is undisputed that there was a bona fide dispute, and although the Plaintiffs disputed the element of consideration in the trial court, they have not pursued that issue on appeal. The Plaintiffs acknowledge that cashing a check can constitute acceptance, but they argue that there can be no acceptance where there is not a valid offer. Because the Plaintiffs do not dispute that there was a bona fide dispute, acceptance, and consideration, resolution of this appeal turns on whether there was a valid offer. More specifically, we must consider whether McCormick had "reasonable notice that the check [was] intended to be in full satisfaction of the debt." *See* **Flambeau**, 116 Wis. 2d at 111 ("[T]he creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt.").

¶8 The Plaintiffs identify "seven key pieces of undisputed documentary evidence" that are relevant to this case. The first is a demand letter that McCormick personally sent to AAA on November 18, 2015.[3] McCormick listed past medical costs of about $9000 and future medical costs of about $239,000, including twenty-eight years of acupuncture, physical therapy, and other

---

[3] McCormick is a personal injury attorney and represented himself in negotiations with AAA. The Plaintiffs retained counsel prior to filing their lawsuit in December 2016.

treatments. McCormick's demand letter indicated that he would also seek damages for his pain and suffering in an amount equal to his medical expenses, as well as claims for loss of consortium for his wife and son. He demanded the "full policy limit of $300,000."

¶9     The second document is an April 4, 2016 letter from AAA's claims representative to McCormick. That letter, which references a conversation between the claims representative and McCormick, contains an offer to settle McCormick's claim for "$20,000, all-inclusive." The letter also indicated that AAA believed that McCormick's injury was "an aggravation of a pre-existing condition."

¶10     On July 13, 2016, McCormick sent a letter to the claims representative via email.[4] That letter stated:

> This will acknowledge receipt of your letter dated April 4, 2016 in this matter. It has been my position that the full value of my claim exceeds the available limits ($300,000) of [uninsured motorist] coverage provided by AAA. Because AAA concedes that the value of my claim is at least $20,000 in "new money," please promptly remit that amount, together with interest thereon, calculated at 12% from December 18, 2015—30 days after the [date] I submitted documentation supporting my claim. I am in the process of formally retaining separate legal counsel who will shortly be filing a Summons & Complaint in Milwaukee County Circuit Court. As previously discussed, the Complaint [] will include a consortium claim for my 11 1/2 year old son. This Milwaukee County action will be the forum for establishing my entitlement to the remainder of the limits of my [underinsured motorist] coverage, as well as determining my son's consortium claim.

---

[4] Although McCormick's July 13, 2016 letter did not reference conversations with the AAA claims representative, McCormick asserted in his affidavit in support of his motion for reconsideration that negotiations with the claims representative "took place via email and by telephone" and that those negotiations were reflected in his July 13, 2016 letter.

> Thus, consistent with AAA's duty of good faith and fair dealing, please forward to me a check within five (5) business days.

¶11    Also on July 13, 2016,[5] AAA's claims representative sent a letter to McCormick that stated:

> Under separate cover you will receive our settlement check in the amount of $20,000.00. This payment represents the value of your Uninsured Motorist Bodily Injury claim.
>
> We do not agree that you would be entitled to any interest and have not included any in the amount. Our offer was made in an attempt to reach a compromise to a disputed claim.
>
> An Uninsured Motorist Bodily Injury Release is enclosed. Should you change your mind in pursuing a lawsuit, please sign the release before a notary and return to me.
>
> You are responsible for payment of all liens, known and unknown, from the settlement amount.

Included with that letter was a release form that indicated McCormick was releasing AAA from liability in exchange for $20,000. It is undisputed that McCormick never signed the release form.

¶12    On the same day that AAA's claims representative sent McCormick the letter and release, it sent McCormick a $20,000 check. The face of the check listed the claim number and date of loss, but it did not otherwise specify the purpose of the payment. However, the check stub listed the claim number, payee (McCormick), and the date of loss. That check stub also contained this language:

---

[5] In its appellate brief, AAA indicates that its July 13, 2016 correspondence was sent in response to McCormick's July 13, 2016 email.

CLAIMANT: DAVID MCCORMICK

COVERAGE: UNINSURED MOTORIST BI

PURPOSE: FULL & FINAL SETTLEMENT OF CLAIMS

BENEFIT TYPE[:] Liability Payment

PAYMENT REASON[:] Settlement of All Claims

AMOUNT[:] $20000.00

¶13 A copy of the $20,000 check indicates that McCormick endorsed it and deposited it on July 18, 2016.

¶14 Having reviewed those undisputed documents, we conclude that as a matter of law, AAA's July 13, 2016 correspondence, check, and check stub gave McCormick "reasonable notice that the check [was] intended to be in full satisfaction" of his claims. *See **Flambeau***, 116 Wis. 2d at 111. AAA told McCormick in its letter that the $20,000 "settlement check" it was sending under separate cover "represents the value" of his underinsured motorist claim. That letter further rejected McCormick's request for interest on his claim and stated that AAA's offer "was made in an attempt to reach a compromise on a disputed claim." The check itself referenced McCormick's claim number and date of loss. The check stub stated that the purpose of the check was "Full & Final Settlement of Claims" and that the reason for the payment was "Settlement of All Claims." (Some capitalization omitted.) The language of the letter and the notations on the check and check stub provided reasonable notice that AAA was offering to settle McCormick's claims for a total of $20,000.

¶15 The Plaintiffs disagree with this conclusion. They offer several reasons why McCormick "lacked reasonable notice of the terms of the offer." They explain:

> McCormick and AAA both knew that $20,000 was not the full extent of his claims. The offer AAA made to McCormick—its own insured—was ambiguous in its terms. The July 13, 2016 letter never stated that merely depositing the check would be seen as agreeing to all of the terms in the release provided. The correspondence between the parties makes clear that at no time did McCormick even hint at accepting $20,000 as a full settlement of his claims. Furthermore, it is not reasonable to believe that anyone looking at approximately $240,000 of medical bills would cheerfully accept $20,000 instead.

(Record citations omitted.) The Plaintiffs further argue that the release sent along with AAA's July 13, 2016 letter "was confusing and ambiguous on its face" because "[b]y its own terms it was to be signed, notarized and returned before AAA would send McCormick a check." The Plaintiffs also assert that the letter "clearly contemplates further litigation—even if McCormick accepted the check." They argue that "McCormick believed the $20,000 was a payment of the minimum AAA owed him, and that it had been provided as a way to stop interest running on his settlement demand."

¶16     We are not persuaded by the Plaintiffs' arguments. AAA's July 13, 2016 letter clearly indicated that AAA was offering to settle all of the claims for $20,000, as it had offered in the past. The letter did not suggest that AAA intended to make a partial payment and contemplated paying more in the future. Indeed, the letter stated: "Our offer was made in an attempt to reach a compromise to a disputed claim." Further, the letter explicitly indicated that it disagreed with McCormick's demand for interest and had not included interest in the offer.

¶17     We note that AAA's letter referred to a release that McCormick did not sign. The parties and the trial court discussed this at length at the motion hearing. Ultimately, the trial court was persuaded that the defense of accord and

satisfaction is separate from the defense of release.[6]  We agree.  AAA's letter indicated that McCormick should sign the release if he did not plan to pursue litigation.  While the release itself indicated that a settlement check would be sent after the release was signed, AAA chose to send the check immediately.  If McCormick had signed the release, AAA would have had another defense to the lawsuit.  The fact that the release was not signed does not defeat AAA's defense of accord and satisfaction; none of the cases the parties discuss in their briefs requires a debtor asserting the defense of accord and satisfaction to obtain a written release before the defense is effective.

¶18    In short, we are not persuaded that the reference to a written release in AAA's July 13, 2016 letter created an ambiguity that overrides the language of the letter, the check, and the check stub.  Those documents provided, as a matter of law, "reasonable notice" that AAA's check was intended to settle all of McCormick's claims.  *See id.*, 116 Wis. 2d at 111.  McCormick chose to accept AAA's settlement offer when he cashed the $20,000 check.  Accordingly, based on the undisputed documentary evidence presented in this case, we agree with the trial court that AAA had a valid accord and satisfaction defense and was therefore entitled to summary judgment.  Furthermore, we agree with the trial court that there was no basis to grant the Plaintiffs' motion for reconsideration.  For these reasons, we affirm.

*By the Court.*—Order affirmed.

---

[6] WISCONSIN STAT. § 802.02(3) provides a list of affirmative defenses that includes both "accord and satisfaction" and "release."

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.